A92A0626. KEPPLER et al. v. BRUNSON.
A92A0627. TUCKER v. BRUNSON.
(421 SE2d 306)

BIRDSONG, Presiding Judge.

Appellants, Robert P. Tucker, Jr., M.D., John P. Keppler, M.D., James W. Blevins, M.D., and Georgia Alcohol & Drug Associates, were granted interlocutory appeals after the trial court denied their motions for summary judgment. The issue on appeal concerns the circumstances under which health care providers may be held responsible for criminal acts of a patient, Mr. Cronic, who had been treated on a voluntary consensual basis before Cronic shot and wounded Mr. Brunson, shot and killed Mrs. Brunson (Cronic's sister), and then killed himself. Appellants contend the trial court erred by denying their motions for summary judgment because the trial court found questions of fact existed on whether appellants had a right to control Mr. Cronic's conduct and a duty to exercise that control to prevent harm to others.

Appellee William O. Brunson's complaints against appellants contend they are liable because they knew or should have known that Mr. Cronic was likely to cause bodily harm to others and they failed to exercise control with such reasonable care sufficient to prevent harm to Mr. and Mrs. Brunson. See *Bradley Center v. Wessner*, 250 Ga. 199, 200 (296 SE2d 693).

Dr. Tucker is a general practitioner who was treating Mr. Cronic, as a voluntary outpatient, for Mr. Cronic's general medical problems, including his nervousness. In fact, Dr. Tucker saw Mr. Cronic the day before Mr. Cronic committed the acts which led to this litigation. Dr. Keppler, Dr. Blevins, and Georgia Alcohol & Drug Associates last treated Mr. Cronic for his addiction to prescription drugs some four months prior to these acts while he was a voluntary inpatient at Ridgeview Institute (Dr. Keppler) or a voluntary outpatient at Ridgeview Recovery Center (Dr. Blevins).

Appellants contend they had no reason to believe Cronic would do what he did, and that in any event they had no authority to control his actions because they saw him on a voluntary basis. *Held*:

### Case Nos. A92A0626 & A92A0627

These appeals are controlled by our recent opinion in *Ermutlu v. McCorkle*, 203 Ga. App. 335, 336 (416 SE2d 792) (1992). "[U]nder *Bradley Center*, a two-part test has been established for determining under what circumstances a physician may be liable to a third party: (1) the physician must have control over the mental patient; and (2) the physician must have known or reasonably should have known that the patient was likely to cause bodily harm to others." Id. Like the

patient in *Ermutlu* and unlike the patient in *Bradley Center*, at the time of the acts giving rise to this appeal, Mr. Cronic was not under control of any of the appellants. He was at all times a voluntary patient; at the relevant time he was an out-patient. Appellants "had no control of [Mr. Cronic] in the sense that [they] could claim legal authority to confine or restrain [him] against [his] will unless [he] met the criteria for involuntary commitment set forth in OCGA § 37-3-1 (9.1). Thus if [Mr. Cronic] had not acquiesced in the treatment plan prescribed by [them, they] could not have unilaterally imposed the treatment plan upon [him] except in the most extraordinary circumstances. OCGA § 37-3-163. This court has previously held in order for this duty to control to arise, the physician must be able to exercise control over the freedom of a mental patient, or claim the legal authority to confine or restrain the patient against his will. Applying these standards to the present [cases], we conclude that [appellants] neither had the right nor the ability to control [Mr. Cronic's] conduct." (Punctuation and citations omitted.) Id.

Additionally, there is simply no evidence of record from which one could conclude that appellants knew or reasonably should have known that Mr. Cronic was likely to cause bodily harm to himself or to the Brunsons. *Baldwin v. Hosp. Auth. of Fulton County*, 191 Ga. App. 787, 789-790 (383 SE2d 154).

Therefore, the trial court erred by denying appellants' motions for summary judgment. Accordingly, its judgment must be reversed, and, as appellants are not liable to Mr. Brunson as a matter of law, the trial court is directed to grant summary judgment to appellants.

*Judgments reversed with direction. Beasley and Andrews, JJ., concur.*

DECIDED JUNE 25, 1992 —
RECONSIDERATION DENIED JULY 15, 1992 —

*Love & Willingham, Daryll Love, Robert P. Monyak, Kimberly L. Woodland,* for appellants (case no. A92A0626).

*Long, Weinberg, Ansley & Wheeler, Robert G. Tanner, Milton B. Satcher III,* for appellant (case no. A92A0627).

*Henning, Aitkens, Snellings & Kearns, Stanley T. Snellings, Sullivan, Hall, Booth & Smith, Brynda S. Rodriguez, Allen & Peters, Hunter S. Allen, Jr., Dennis A. Elisco, Ted B. Herbert,* for appellee.