A95A0272. TILLEY v. CITY OF HAPEVILLE et al.
(459 SE2d 567)

POPE, Presiding Judge.

Richard Tilley suffered serious injuries when the car he was driving collided with a Chevrolet Blazer, which was parked facing backward on I-85 near Hartsfield International Airport. Tilley sued the City of Hapeville, Georgia, and one of its police officers, J. M. Traylor, for negligence in failing to warn or direct him away from the Blazer, and for Traylor's alleged gross negligence. Tilley appeals the trial court's grant of summary judgment to Hapeville and Traylor. We affirm because Hapeville and Traylor owed no cognizable duty of care to Tilley at the time of the collision.

Construed in a light most favorable to Tilley, the material facts of this case are as follows: In the early morning hours of December 16, 1990, Tilley and two friends, Alberto Ponce de Leon and Chris Logie, returned to the airport from a skiing trip. After retrieving his luggage, Logie left the airport in his own car. A few minutes later, Tilley and Ponce de Leon also left the airport.

From the airport, Logie got on I-85. While travelling northbound in the far left lane, Logie saw an unidentified person waving a flash-

light at him from the right-hand side of the interstate near an overpass. Unbeknownst to Logie, a black Blazer, without any headlights, was stopped facing southbound in the far left lane. Logie changed lanes within a few seconds of reaching the overpass, thereby avoiding a collision. Logie testified that the man with the flashlight was standing next to a car. Logie was unable to discern any markings on this car, or whether the man next to the car was a police officer. Logie did notice, however, that the car had some sort of unlit emergency light on its roof. Although he could not determine the emergency light's color, he concluded that the car must have been a police car.

Tilley and Ponce de Leon followed the same route that Logie took. When they approached the location of the Blazer, however, neither saw any police car nor any warning lights. They collided head-on with the Blazer.

Traylor witnessed the above collision. He testified that he was on the scene responding to a radio bulletin regarding an abandoned vehicle on I-85. Upon locating this vehicle, he went down a ramp onto the interstate and stopped his car on the road's shoulder. Then, he put his car in reverse and cut his blue light on so that he could back down the shoulder of the road in order to place his car behind the Blazer. According to Traylor, just as he started to back up, Tilley's car collided with the Blazer.

The collision resulted in serious injury to Tilley. Consequently, he sued Hapeville and Traylor. Hapeville and Traylor answered Tilley's complaint denying liability, and subsequently moved for summary judgment. On July 28, 1994, the trial court granted their summary judgment motion.

1. In his first enumeration, Tilley contends that the trial court erred in granting summary judgment to Hapeville and Traylor based on the trial court's determination that they owed no cognizable duty to Tilley at the time of the collision. We reject this contention.

In determining whether a duty exists upon which a police officer or municipality may be held liable for failure to provide police protection to an individual citizen, we follow the majority rule that: " 'liability does not attach where the duty owed by the governmental unit runs to the public in general and not to any particular member of the public(,) (except where there is) a *special relationship* between the governmental unit and the individual giving rise to a particular duty owed to that individual.' " (Emphasis supplied.) *City of Rome v. Jordan*, 263 Ga. 26, 27 (426 SE2d 861) (1993). A "special relationship" exists if: (1) the governmental unit, through promises or actions, explicitly assures the injured party that it will act on his or her behalf; (2) the governmental unit has knowledge that inaction could lead to harm; and (3) the injured party justifiably and detrimentally relies on the governmental unit's affirmative undertaking. Id. at 29 (2). In this

case, there is no record evidence to suggest that Hapeville or Traylor ever explicitly assured Tilley that they would act on his behalf. Moreover, there is no record evidence suggesting that Tilley detrimentally relied on any affirmative remedial actions taken by Traylor. In fact, the record demonstrates that before the collision Tilley was not aware of the existence of the Blazer or any efforts to remove it from the roadway. Consequently, the trial court correctly determined that no special relationship existed in this case.

Having said this, we note that "even in the absence of one or more of the three express requirements for the existence of a special relationship with the injured citizen, a special duty to protect that citizen might be found under some circumstances where a police officer is present at the scene of a crime about to be perpetrated against the citizen (who at that point is *an identifiable victim*) and the officer fails to act to protect the citizen despite his ability to do so." *Landis v. Rockdale County*, 212 Ga. App. 700, 702 (445 SE2d 264) (1994). In the instant case, we hold that no such special duty existed. When Traylor arrived at the scene of the Blazer, Tilley was not an identifiable victim in immediate danger of harm. Traylor's duty was only to the general public and not to Tilley. Absent a showing of imminent harm to an identifiable victim, the trial court properly concluded that Hapeville and Traylor breached no duty.

Although Tilley argues that the circumstances of this case are beyond the scope of the holdings in *City of Rome* and *Landis* because those cases dealt with a municipality's failure to act, as opposed to the commission of affirmative acts of negligence, such an argument has no basis in fact. As the trial court noted, Tilley's entire complaint alleges various inactions by Hapeville and Traylor. The only affirmative acts about which Tilley complains are those of the unidentified man waving the flashlight at cars, and Traylor backing his car down the shoulder of the interstate with the blue light on. Such acts, even if negligent, were not the proximate cause of the collision. It is undisputed that Tilley never noticed them, and thus, they did not divert his attention from, or in any way distract him from, the potential danger posed by the Blazer.

We also reject Tilley's attempt to distinguish the abovementioned cases on the ground that, in this case, there were no "potential tortfeasors" or "potential third party acts" from which the police were expected to protect Tilley. It is undisputed that a third party placed the Blazer in the hazardous location where Tilley collided with it. It also is undisputed that Tilley's lawsuit is premised on Traylor's alleged failure to protect him from the act of this third party. It makes no difference whether or not the third party's act was completed before Traylor arrived on the scene. Consequently, the holdings in *City of Rome* and *Landis* are applicable to this case.

2. In light of our analysis and holding in Division 1 of this opinion, we also conclude that the trial court properly determined that no issue of material fact exists in this case with regard to Tilley's claim of gross negligence.

*Judgment affirmed. Beasley, C. J., and Ruffin, J., concur.*

DECIDED JUNE 21, 1995 —
RECONSIDERATION DENIED JULY 18, 1995 —

*Cochran, Camp & Snipes, Scott A. Cochran*, for appellant.
*McLain & Merritt, Joe O'Conner, England & McKnight, George M. Weaver*, for appellees.