A95A1237. WARD v. EMANUEL COUNTY BOARD OF HEALTH et al.
(461 SE2d 559)

BIRDSONG, Presiding Judge.

Eugene Ward, Jr. sued Emanuel County Board of Health, Dr. Mickey Crouch and Pam Nasworthey for the wrongful death of his parents, who were killed on April 1, 1989, by their son and plaintiff's brother, Tommie Ward. Eugene Ward contended his parents' deaths were caused by defendants' negligence in releasing Tommie Ward from care at the Ogeechee Area Mental Health Retardation and Sub-

stance Abuse Center ("Ogeechee").

Tommie Ward was an outpatient at Ogeechee, of which Dr. Crouch was the chief medical officer. Dr. Crouch also served as Ward's attending physician. Ward had shown psychotic and schizophrenic behavior; he was often out of touch with reality and suffered from paranoid and delusional thinking. During his treatment at Ogeechee, Ward verbalized threats of violence against his family members. On one such occasion, Dr. Crouch initiated procedures to have Ward involuntarily confined. He was delivered to Georgia Regional Hospital in Augusta and held there for a period of time. Dr. Crouch last saw Ward on November 16, 1988; Ward complained then of talking to himself and not sleeping well, and he was referred to the Veteran's Administration Hospital. As he was generally scheduled to monthly appointments at Ogeechee, Ward was seen by another doctor at Ogeechee on December 14, 1988.

On December 28, 1988, however, he was seen by Dr. McCracken at the VA Hospital in Dublin in Laurens County. He did not keep his next scheduled appointment at Ogeechee nor, according to the evidence cited to us, did he consult any physician at Ogeechee at any time thereafter. In January 1989 it was determined by appellees that Ward was no longer living in Emanuel County and that he was seeking mental health services from the VA in Dublin, and his file was closed at Ogeechee. At the VA Hospital in Dublin, Dr. McCracken last treated Ward on March 27, 1989. Five days later, he killed his parents.

On appeal of a defendants' verdict, Eugene Ward contends the trial court erred in its jury charge and in other respects, and he chiefly contends he was entitled to a directed verdict and judgment n.o.v. because the evidence indisputably shows that appellee Crouch failed to exercise his statutorily mandated duty of examining Tommie Ward at the time of discharge to determine whether the discharge would be unsafe for him or others. *Held*:

Appellant contends OCGA § 37-3-21 (a) placed a duty on appellee Crouch to examine Tommie Ward prior to discharging him from Ogeechee. This is incorrect. OCGA § 37-3-21 (a) applies to inpatients. Tommie Ward was an outpatient.

A health care provider may be liable for the criminal acts of a patient only where the physician is able to exercise control over the freedom of the mental patient or has the authority to confine or restrain the patient against his will; and the physician must have known or reasonably should have known the patient was likely to cause bodily harm to others. *Keppler v. Brunson*, 205 Ga. App. 32, 33 (421 SE2d 306). The controlling fact in this case is that when he killed his parents in April 1989, Ward was by his own choice not being treated by the staff at Ogeechee, had not been to Ogeechee in the previous

four months, was being treated by other physicians at another facility in another county, and evidently had been treated by those other physicians during those months. Appellees had no control at all over Ward's freedom in April 1989 when he killed his parents. Appellant's theory of liability is apparently based on the idea that when Ward failed to keep his appointment at Ogeechee in January 1989 and it was learned he had moved and was being treated at another facility in another county, the appellees should have followed him to this other place of treatment and exerted control over his freedom then and at all times thereafter to ensure that he did not at some point carry out a threat he had made to them during his treatment at Ogeechee. Appellant is unable to cite any law which imposes such a duty on outpatient caretakers of mental patients. Even if there were such a duty on the appellees, it is sheer speculation to suppose their discharge of Ward in January 1989 proximately caused him, in his impaired mental state, to commit these tragic acts four months later.

Inasmuch as the evidence cited to us demands a verdict for the *appellees* (see OCGA § 9-11-50), the trial court did not err in denying Ward's motion for directed verdict and judgment n.o.v.; and it becomes unnecessary to examine the other enumerations of error.

*Judgment affirmed. Johnson and Smith, JJ., concur.*

DECIDED AUGUST 22, 1995 —

*Edwards & Youmas, Lonzy F. Edwards*, for appellant.
*Spivey, Carlton & Edenfield, J. Franklin Edenfield, Savell & Williams, Elmer L. Nash, Vincent A. Toreno*, for appellees.