A08A1234. PARTAIN v. OCONEE COUNTY et al.

(667 SE2d 132)

MILLER, Judge.

Brian Partain appeals from the trial court's order granting summary judgment to Defendants Oconee County, Oconee County Sheriff's Department, Sheriff Scott Berry, and Sheriff's Deputy Jason Higgins (collectively, "Defendants") in a negligence case arising from the tragic death of Partain's wife and daughter in an automobile accident. Partain argues that the trial court erred in (1) holding that the public duty doctrine insulated the Defendants from liability; (2) finding that the Defendants were protected by sovereign immunity; and (3) finding that the actions of Sheriff Berry and Deputy Higgins were discretionary and therefore protected by official immunity. Because we find that the public duty doctrine applies to insulate the Defendants from liability, we affirm.

"Upon motion for summary judgment, it is the movant's burden to show that no jury question remains as to any material fact and that he or she is entitled to judgment as a matter of law." *Atkins v. News Publishing Co.*, 290 Ga. App. 78 (658 SE2d 848) (2008) (citing OCGA § 9-11-56 (c)). "On appeal, this Court conducts a de novo review of the evidence to determine whether there is a genuine issue of material fact and whether the undisputed facts, viewed in the light most favorable to the nonmoving party, warrant judgment as a matter of law." (Citation and punctuation omitted.) Id. at 79.

So viewed, the evidence shows that on September 13, 2003, a vehicle operated by Christian Quijada crossed over the median on Georgia Highway 316 in Barrow County and struck head-on a vehicle traveling in the opposite direction, driven by Partain's wife, Kim-

berly. Quijada and Kimberly Partain died as a result of injuries sustained in the collision, as did the Partains' four-month-old daughter, Madison, a passenger in Kimberly's vehicle. Toxicology tests showed that Quijada had a blood alcohol content of 0.166, more than twice the legal limit, when the accident occurred.

Subsequent investigation revealed that only forty-five minutes prior to the fatal accident, Quijada had been involved in another two-car collision on Georgia Highway 316 in Oconee County. Sheriff's Deputy Jason Higgins responded to the accident, observed that it was minor with no injuries, and collected driver's license and insurance information from the drivers, Quijada and Shawn McGee. Deputy Higgins testified that Quijada did not appear intoxicated. In his accident report, Deputy Higgins wrote that Quijada had a "Class CP" license, an instructional permit under OCGA § 40-5-24 that allows the holder to drive only when a licensed driver at least 21 years of age occupies a seat beside the driver. Deputy Higgins testified that Quijada did not have a licensed driver with him, but further testified that he allowed Quijada to get in his car and leave because he "didn't make a connection on the Class CP license."

Partain brought this action, alleging that Kimberly and Madison's deaths were proximately caused by the Defendants' "intentional, wanton, and willful acts and omissions," and seeking compensatory and punitive damages. Following summary judgment for Defendants, Partain appeals.

1. Partain first argues that the trial court incorrectly held that the public duty doctrine insulated the Defendants from liability. Under that doctrine,

> where failure to provide police protection is alleged, there can be no liability based on a municipality's duty to protect the general public. However . . . where there is a *special relationship* between the individual and the municipality which sets the individual apart from the general public and engenders a *special duty* owed to that individual, the municipality may be subject to liability for the nonfeasance of its police department.

(Footnote omitted; emphasis in original.) *City of Rome v. Jordan*, 263 Ga. 26, 28-29 (1) (426 SE2d 861) (1993). For a special relationship to exist, there must be (1) an explicit assurance by the governmental unit, through promises or actions, that it would act on behalf of the injured party; (2) knowledge on the part of the governmental unit that inaction could lead to harm; and (3) justifiable and detrimental reliance by the injured party on the governmental unit's affirmative undertaking. Id. at 29 (2). The trial court below concluded that

YALE LAW LIBRARY

because no such special relationship existed in this case, the public duty doctrine operated to bar Partain's claims.

On appeal, Partain does not dispute the finding that no special relationship existed between his family and the Defendants. Instead, he argues that Georgia law should be interpreted as allowing his action against the Defendants even in the absence of such a relationship. We disagree.

In support of his argument, Partain cites to footnote 4 in *Jordan*, in which the Supreme Court of Georgia stated:

> Since the situation is not presented by the facts of this case, we do not determine whether a special duty may exist even in the absence of a special relationship where a police officer is present at the scene of a crime, has the knowledge and the resources to act to the benefit of the injured party, yet does not act.

Id. at 29 (1), n. 4. Despite this language, no Georgia court has ever dispensed with the requirement that one seeking to assert a claim based upon a failure to provide police protection prove a special relationship with the police. Moreover, this Court has explicitly refused to rely on the above-cited language from *Jordan* to dispense with the special relationship requirement. See *Holcomb v. Walden*, 270 Ga. App. 730, 732 (607 SE2d 893) (2004).

In *Holcomb*, a deputy sheriff had an encounter with a driver with a suspended license, but allowed him to drive away. Id. at 731. Thereafter, the driver caused an accident that seriously injured the plaintiff and killed her husband. Id. at 730. This Court affirmed the trial court's order granting summary judgment for the defendants, holding that the deputy owed no special duty to the plaintiff or her decedent. Id. at 732-733. Like Partain, the plaintiff in *Holcomb* asserted that his case fell under the situation contemplated by the Supreme Court in *Jordan*, as above. Id. at 732. We rejected that argument, holding that the footnote merely contemplated a situation "where a police officer is present at the scene of a crime about to be perpetrated against the citizen (who at that point is *an identifiable victim*) and the officer fails to act to protect the citizen despite his ability to do so. [Cit.]" (Emphasis in original.) Id. at 732.

Therefore, because Deputy Higgins' duty was to the public and not to the individual decedents in this case, no special relationship existed and the public duty doctrine applies to relieve the Defendants of any liability. See *Holcomb*, supra, 270 Ga. App. at 733. Accordingly, the trial court did not err in granting summary judgment against Partain and in favor of the Defendants.

2. In light of our holding in Division 1, we need not reach the question of whether the doctrines of sovereign and official immunity also relieve the Defendants of liability. See *Holcomb*, supra, 270 Ga. App. at 733.

*Judgment affirmed. Blackburn, P. J., and Ellington, J., concur.*

DECIDED AUGUST 15, 2008.

*David S. Cason, Charles D. Joyner*, for appellant.
*Terry E. Williams*, for appellees.