A11A1940. STEVENSON v. CITY OF DORAVILLE et al.
(726 SE2d 726)

MILLER, Judge.

Kenyatta Stevenson filed suit against the City of Doraville (the "City"), alleging that a Doraville Police Department ("DPD") officer's failure to redirect traffic from Stevenson's disabled vehicle caused a multi-vehicle accident that injured Stevenson.[1] The City moved for summary judgment on the ground that it was insulated from liability under the public duty doctrine. Following a hearing, the trial court granted the City's motion. Stevenson filed the instant appeal to challenge the trial court's ruling. Discerning no error, we affirm.

A defendant can prevail on a motion for summary judgment "by showing the court that the documents, affidavits, depositions and other evidence in the record reveal that there is no evidence sufficient to create a jury issue on at least one essential element of plaintiff's case." (Punctuation and footnote omitted.) *Community Newspaper Holdings v. King*, 299 Ga. App. 267, 268 (682 SE2d 346) (2009).

> On appeal from the grant of summary judgment this Court conducts a de novo review of the evidence to determine whether there is a genuine issue of material fact and whether the undisputed facts, viewed in the light most favorable to the nonmoving party, warrant judgment as a matter of law.

(Citations and punctuation omitted.) *Campbell v. The Landings Assn.*, 289 Ga. 617, 618 (713 SE2d 860) (2011).

So viewed, the evidence shows that on the night of February 13, 2007, Stevenson was traveling on Interstate 285 in the lane closest to

---

[1] Stevenson also sued the officer individually. The trial court granted summary judgment to the officer on the ground of official immunity, and Stevenson does not challenge that ruling on appeal.

the median when his car began having mechanical problems. Stevenson attempted to pull over to the shoulder of the interstate, but was unable to do so before his car stalled. Upon seeing Stevenson's disabled vehicle, the officer activated his flashing lights, which were not roof-mounted. The officer called dispatch, announced his location, and reported that he was attempting to reach the road hazard created by Stevenson's vehicle. However, because the traffic on the interstate was heavy and moving quickly, the officer was unable to get to Stevenson's vehicle; he thus called dispatch for additional assistance.

After seeing the officer's flashing patrol lights, Stevenson decided to remain in his vehicle, because he believed the officer would render aid. After a delay of several minutes, however, Stevenson became unsure as to whether the officer had seen him; as a result, he exited his vehicle to obtain the officer's attention. While Stevenson was outside his vehicle, he was struck by another vehicle. The driver of the other vehicle indicated that he could not see Stevenson's vehicle in time to stop, because it was dark and raining.

Stevenson filed suit against the City, asserting that it was liable for the officer's negligence in failing to redirect traffic away from Stevenson's disabled vehicle and causing traffic to move into Stevenson's lane. The City moved for summary judgment, asserting that it was insulated from liability under the public duty doctrine. In response, Stevenson argued that the public duty doctrine did not apply because the officer was actively negligent, Stevenson had a special relationship with the officer, and the officer failed to render aid in violation of DPD's policies. The trial court granted the City's motion for summary judgment, finding that the public duty doctrine insulated it from liability.

1. On appeal, Stevenson argues that the trial court incorrectly determined that the public duty doctrine applied, because the case involved an officer's active negligence, rather than his failure to protect the general public. Stevenson's argument is without merit.

The public duty doctrine provides that a municipality may not be held liable for the failure to provide police protection to an individual citizen, except where a special relationship exists between the citizen and the municipality. *City of Rome v. Jordan*, 263 Ga. 26, 28-29 (1) (426 SE2d 861) (1993); *Holcomb v. Walden*, 270 Ga. App. 730, 731-732 (607 SE2d 893) (2004). The public duty doctrine applies only to "the provision of police protection services, such as requests for emergency help." (Footnote and emphasis omitted.) *Butler v. Carlisle*, 299 Ga. App. 815, 824 (4) (683 SE2d 882) (2009).

Relying upon *Daley v. Clark*, 282 Ga. App. 235 (638 SE2d 376) (2006), Stevenson argues that the public duty doctrine did not apply in this case because the officer was actively negligent in failing to

render aid and in hindering Stevenson's efforts to help himself. The *Daley* case, however, is distinguishable from this case. In *Daley*, the officers were present at the scene of a crime, there was an identifiable victim, and the officers were alleged to have actively hindered efforts to assist the victim. *Daley*, supra, 282 Ga. App. at 235, 237 (1). Under the facts in this instance, Stevenson was not an identifiable victim of a crime when his car broke down. Moreover, despite Stevenson's claims to the contrary, the record does not show that anyone attempted to help Stevenson, or that the officer actively hindered anyone, including Stevenson himself, from doing so. Consequently, *Daley* is inapplicable to Stevenson's case and there is nothing in the record otherwise showing any active negligence on the part of the officer.

Rather, contrary to Stevenson's contention, this case involves an officer's alleged failure to protect the general public. Significantly, Stevenson's claims allege that the officer failed to redirect traffic away from Stevenson's stalled vehicle and thus failed to comply with his duty as a police officer. Law enforcement officers have the general duty to enforce the law and maintain the peace, see *Duncan v. State*, 163 Ga. App. 148, 148 (1) (294 SE2d 365) (1982), which often encompasses directing traffic, see *Sommerfield v. Blue Cross & Blue Shield of Ga.*, 235 Ga. App. 375, 376-377 (1) (509 SE2d 100) (1998). When responding to a disabled vehicle on a busy interstate, directing traffic flow is just one of the many elements an officer must consider. Indeed, the officer in this case deposed that he had to call for additional assistance because he could not safely reach Stevenson's vehicle and would have caused more harm by moving into heavy traffic and attempting to redirect it, especially since his vehicle was not equipped with the more visible roof-mounted emergency lights. Under these circumstances, the officer owed a duty to the general public, not to Stevenson specifically. Thus, the public duty doctrine controls the facts of this case. See *Holcomb*, supra, 270 Ga. App. at 732; see also *Tilley v. City of Hapeville*, 218 Ga. App. 39, 40-41 (1) (459 SE2d 567) (1995) (public duty doctrine applied where officer failed to warn or direct a motorist away from an abandoned car that the motorist hit).[2]

2. Stevenson further contends that there was a special relationship between him and the City, which gave rise to a particular duty owed to Stevenson. Again, Stevenson's contention is without merit.

---

[2] Accord *Lassiter v. Cohn*, 607 SE2d 688, 690, 693 (III) (N.C. Ct. App. 2005) (applying public duty doctrine — similar to Georgia's doctrine — where the officer responding to a traffic accident failed to re-route traffic, causing the motorist to be struck by an oncoming car); *Beaver v. Gosney*, 825 SW2d 870, 873-874 (Mo. Ct. App. 1992) (public duty doctrine, similar to Georgia's doctrine, shielded officer from liability for failing to take precautionary measures when responding to disabled vehicle).

For a special relationship to exist, there must be (1) an explicit assurance by the governmental unit, through promises or actions, that it would act on behalf of the injured party; (2) knowledge on the part of the governmental unit that inaction could lead to harm; and (3) justifiable and detrimental reliance by the injured party on the governmental unit's affirmative undertaking. *City of Rome*, supra, 263 Ga. at 29 (2).

Here, Stevenson did not satisfy the first and third elements and therefore could not establish the existence of a special relationship with the City. As to the first element, the evidence does not show that the officer explicitly assured Stevenson that he would act to protect him. Contrary to Stevenson's claim, the officer's activation of his patrol lights was not an explicit assurance. Indeed, Stevenson himself conceded that such action was ambiguous — he deposed that he was not certain whether the officer had activated the patrol lights in response to Stevenson's car breaking down or whether it was for some other reason. Moreover, the reason why Stevenson in fact got out of his vehicle was because he was unsure whether the officer knew he needed help. As to the third element of detrimental reliance, Stevenson's act of staying in his vehicle was based solely upon his personal belief that the officer would come to his aid, not on any explicit promise made by the officer. "To allow such an expression of reliance to satisfy the reliance requirement in the special relationship test would render the requirement virtually meaningless." *City of Rome*, supra, 263 Ga. at 30 (3) (plaintiff's reliance was not justified, because it was based solely on her belief that police were coming to help her, not on any promise made by the police).

Therefore, no special relationship existed, and the public duty doctrine shielded the City from liability. See *Tilley*, supra, 218 Ga. App. at 40-41 (1); see also *City of Rome*, supra, 263 Ga. at 26, 30 (3). Accordingly, the trial court did not err in granting summary judgment to the City on this ground.

3. In light of our holdings in Divisions 1 and 2 above, that there was no duty owed to Stevenson under the public duty doctrine, we need not address Stevenson's arguments relating to the other elements of his negligence claim. Nor do we need to address Stevenson's claim that the City allegedly destroyed certain videotape evidence pertinent only in establishing the negligence element of causation.

*Judgment affirmed. Ellington, C. J., and Doyle, P. J., concur.*

DECIDED MARCH 28, 2012 — ▮▮▮▮▮▮

*Pope & Howard, J. Marcus Edward Howard,* for appellant.

*Gray, Rust, St. Amand, Moffett & Brieske, Harvey S. Gray*, for appellees.