S06G2138. GREGORY v. CLIVE et al.

(651 SE2d 709)

HINES, Justice.

This Court granted certiorari to the Court of Appeals in *Clive v. Gregory*, 280 Ga. App. 836 (635 SE2d 188) (2006), to examine the determination by the Court of Appeals that the public duty doctrine does not extend to the official actions of building inspectors. Finding that the Court of Appeals correctly held that the public duty doctrine is limited to the police protection activities of law enforcement officers, we affirm.

Gregory is a building inspector for Spalding County. Cindy and Jeff Clive, through a contractor, built a house and a barn on their property. Gregory inspected the house and issued a certificate of occupancy for it; he did not inspect the barn, and no certificate was issued for it. In a storm, the barn collapsed, injuring the Clives, who sued, among other defendants, Gregory, asserting that if he had inspected the barn, its defects would have been uncovered. Gregory moved for summary judgment, asserting, inter alia, that the public duty doctrine applied, the predicates of establishing liability under that doctrine were not met, and he could not be held liable. The trial court granted his motion for summary judgment, but the Clives appealed to the Court of Appeals, which reversed the trial court, holding that the public duty doctrine does not apply. In so declaring, the Court of Appeals overruled its prior decision in *City of Lawrenceville*

*v. Macko*, 211 Ga. App. 312 (439 SE2d 95) (1993). Further facts can be found in the opinion of the Court of Appeals. See *Clive, supra.*[1]

The public duty doctrine pertains to whether a local government owes a duty of care under tort law to an individual plaintiff, and was first set forth in this State in this Court's opinion in *City of Rome v. Jordan*, 263 Ga. 26, 27-29 (1) (426 SE2d 861) (1993). The doctrine recognizes that "where failure to provide police protection is alleged, there can be no liability based on a municipality's duty to protect the general public." *City of Rome*, supra at 28 (1). The rule is that

> liability does not attach where the duty owed by the governmental unit runs to the public in general and not to any particular member of the public[,] [except where there is] a special relationship between the governmental unit and the individual giving rise to a particular duty owed to that individual.

(Citation omitted.) Id. at 27 (1).

Since the opinion in *City of Rome*, this Court has had occasion to address the scope of the public duty doctrine, and has stated that "*City of Rome* may be fairly read to limit the scope of the doctrine to the police protection context . . . ." *Rowe v. Coffey*, 270 Ga. 715, 716 (515 SE2d 375) (1999). Similarly, in addressing an allegation that the Department of Transportation was liable for a defective design in a wrongful death action, this Court held:

> Our decision in [*City of Rome*] was directed squarely and only at the duty owed by a governmental entity to provide police protection to individual citizens. . . . We believe that difference in the duties warrants limitation of the public duty doctrine adopted in [*City of Rome*] to the situation involved there, the provision of police services.

*Dept. of Transp. v. Brown*, 267 Ga. 6, 8-9 (3) (471 SE2d 849) (1996). And, in response to a certified question from the United States Court of Appeals for the Eleventh Circuit, this Court has specifically set forth that "the public duty doctrine adopted in *City of Rome* is limited to the situation in that case and thus does not apply outside the police protection context." *Hamilton v. Cannon*, 267 Ga. 655, 657 (1) (482 SE2d 370) (1997).

---

[1] In his motion for summary judgment, Gregory also asserted the doctrine of official immunity. The Court of Appeals addressed this assertion and determined that further proceedings were necessary in the trial court. *Clive, supra* at 841-843 (3). No question concerning the doctrine of official immunity is within the scope of this Court's writ of certiorari.

Nonetheless, in *City of Lawrenceville*, supra, the Court of Appeals examined the public duty doctrine in the context of an allegation of negligence in the inspection of a home, and issuance of a certificate of occupancy therefor, and found that, in that instance, the predicates of the doctrine were not established, but that the doctrine was available in circumstances involving building inspections.[2] However, in *Clive*, supra, the Court of Appeals recognized that *City of Lawrenceville* was contrary to the precedents of this Court and declared that *City of Lawrenceville* was overruled. *Clive*, supra at 841 (1).

Gregory asserts that, despite the prior statements of this Court, the public duty doctrine should extend beyond this Court's precedent and apply to the general provision of government services under the "police power" of local governments, if a special relationship between the plaintiff and governmental entity can be shown. We do not agree. "Police protection" and the "police power" of local governments are not synonymous. The police power of local governments is often highly deliberative, involves legislation addressing "the public health, safety, or general welfare" of the community, see *Atlanta Taxicab Co. Owners Assn. v. City of Atlanta*, 281 Ga. 342, 348 (4) (638 SE2d 307) (2006), and embraces such wide ranging activities as the regulation of taxicabs, id., pets, see *City of Lilburn v. Sanchez*, 268 Ga. 520, 522 (2) (491 SE2d 353) (1997), billboards and signs, see *H&H Operations v. City of Peachtree City*, 248 Ga. 500, 501 (1) (283 SE2d 867) (1981), and land use, see *Mayor &c. of Savannah v. Savannah Cigarette & Amusement Svcs.*, 267 Ga. 173 (476 SE2d 581) (1996). The public duty doctrine, however, addresses only the provision of police protection services traditionally done by police law enforcement personnel. *Rowe*, supra. It is not necessary "to set out the exact limits of [police] services." Id. at 716. It is sufficient for the purpose of this opinion to reiterate that the public duty doctrine applies only to police protection services.

*Judgment affirmed. All the Justices concur.*

DECIDED OCTOBER 9, 2007.

*Freeman, Mathis & Gary, Theodore Freeman, T. Bart Gary, Neil L. Wilcove, Donald J. Grate*, for appellant.

*Casey, Gilson & Leibel, George P. Shingler, Matthew D. Williams, Jonathan R. Granade, Allen W. Bodiford, Ted N. Echols*, for appellees.

---

[2] There was no application for a writ of certiorari in *City of Lawrenceville v. Macko*, supra.

R. *Jonathan Hart, Emily E. Garrard, David A. Basil,* amici curiae.