302 Ga. 309
FINAL COPY

S17A1079.  GEORGIA ASSOCIATION OF PROFESSIONAL PROCESS SERVERS et al. v. JACKSON et al.

BOGGS, Justice.

In this appeal, we consider the application of OCGA § 9-11-4.1, providing for statewide certified process servers. The Georgia Association of Professional Process Servers and several of its members, who are private process servers, (collectively, "the Association") filed this action seeking mandamus, declaratory judgment, and injunctive relief against the sheriffs of Fulton, Cobb, Gwinnett, DeKalb, Clayton, Forsyth, and Paulding Counties (collectively, "the Sheriffs"). In its petition, the Association alleged that the Sheriffs have conspired to thwart the use of certified process servers statewide, and have wrongfully failed to consider members' individual petitions to become certified process servers under OCGA § 9-11-4.1, thus rendering the Code section null and of no effect. The Sheriffs responded that the Code section explicitly gives them the power to make a threshold decision whether to permit certified process servers to serve

process in their counties. After discovery, the parties filed cross-motions for summary judgment. The trial court granted summary judgment in favor of the Sheriffs and denied the Association's motion, finding that under a plain reading of the Code section, the Association was not entitled to any of the relief sought. From this order, the Association appeals.[1]

The trial court should not have ruled on the merits of the Association's claims for declaratory and injunctive relief against the Sheriffs in their official capacities, because those claims are barred by sovereign immunity. Accordingly, we vacate that portion of the trial court's order and remand for dismissal. Because the trial court correctly granted summary judgment as to the Association's other claims, we affirm the remainder of the trial court's order.

As the trial court correctly observed, the relevant provisions of OCGA § 9-11-4.1 are found in subsection (a) and paragraph (h) (1):

> (a) **Certified process servers.** A person at least 18 years of age who files with a sheriff of any county of this state an application stating that the movant complies with this Code section and any procedures and requirements set forth in any rules or

---

[1] This appeal initially was filed with the Court of Appeals, which transferred it to this Court as a case involving the extraordinary remedy of mandamus in which the notice of appeal was filed before January 1, 2017. See OCGA § 15-3-3.1, enacted by Ga. L. 2016, p. 883, § 3-1.

regulations promulgated by the Judicial Council of Georgia regarding this Code section shall, absent good cause shown, be certified as a process server. Such certification shall be effective for a period of three years or until such approval is withdrawn by a superior court judge upon good cause shown, whichever shall first occur. Such certified process server shall be entitled to serve in such capacity for any court of the state, anywhere within the state, *provided that the sheriff of the county for which process is to be served allows such servers to serve process in such county.*

. . .

(h) **Notice to sheriff.**

(1) Prior to the first time that a certified process server serves process in any county, he or she shall file with the sheriff of the county a written notice, in such form as shall be prescribed by the Georgia Sheriffs' Association, of his or her intent to serve process in that county. *Such notice shall only be accepted by a sheriff who allows certified process servers to serve process in his or her county.* Such notice shall be effective for a period of one year; and a new notice shall be filed before the certified process server again serves process in that county after expiration of the one-year period.

(Emphasis supplied.) The trial court found that the plain language of the statute barred declaratory and injunctive relief.[2] The court also found that mandamus is inappropriate because the members of the Association have an alternative

---

[2] The trial court also held in the alternative that the Association failed to serve the Attorney General with a copy of a petition challenging the constitutionality of the statute as required by OCGA § 9-4-7 (c). The Association asserts that the trial court erred in so doing, but we need not reach that claim.

course of action: "seeking appointments from the various courts of the State to become permanent process servers as provided in OCGA § 9-11-4 (c) (4)." Alternatively, it held that mandamus is not appropriate because the plain language of the statute gives the Sheriffs the discretion to choose whether to allow certified process servers, and the court cannot force them to do so.[3] Finally, the trial court denied appellants' request for attorney fees. This appeal followed.

1. Despite the ruling on the merits in the Sheriffs' favor on the Association's claims for injunctive relief and declaratory judgment, as a threshold matter for our analysis, it is important to note that the Sheriffs have raised the defense of sovereign immunity. To the extent applicable, this defense would preclude the trial court's consideration of the merits of these claims. This Court has repeatedly ruled on the scope of sovereign immunity under the Georgia Constitution, finding that it bars claims for injunctive relief, Georgia Dept. of Natural Resources v. Center for a Sustainable Coast, 294 Ga. 593, 596

---

[3] The trial court also found moot the contention that several of the Sheriffs had refused to process applications under OCGA § 9-11-4.1 (b), because those sheriffs submitted affidavits showing that they "understand their duties and obligations and that any need to mandate action has passed." But that ruling is not enumerated as error.

4

(2) (755 SE2d 184) (2014), and claims for declaratory judgment, Olvera v. Univ. System of Ga. Bd. of Regents, 298 Ga. 425, 427 (782 SE2d 436) (2016), even if based upon constitutional claims. Lathrop v. Deal, 301 Ga. 408, 425 (III) (801 SE2d 867) (2017).

The Sheriffs raised the defense of sovereign immunity in their answers, but not in their joint motion for summary judgment.[4] However,

> [t]he applicability of sovereign immunity to claims brought against the State is a jurisdictional issue. Indeed, sovereign immunity [–] like various other rules of jurisdiction and justiciability [–] is concerned with the extent to which a case properly may come before a court at all. Therefore, the applicability of sovereign immunity is a threshold determination, and, if it does apply, a court lacks jurisdiction over the case and, concomitantly, lacks authority to decide the merits of a claim that is barred.

(Citation, punctuation and footnote omitted.) McConnell v. Ga. Dept. of Labor, 302 Ga. 18, 18-19 (805 SE2d 79) (2017). A "court's lack of subject-matter jurisdiction cannot be waived and may be raised at any time either in the trial court, in a collateral attack on a judgment, or in an appeal. [Cit.]" Abushmais v. Erby, 282 Ga. 619, 622 (3) (652 SE2d 549) (2007).

Because the Association's claims for declaratory judgment and injunctive

---

[4] This may explain why the trial court failed to address this defense in granting summary judgment to the Sheriffs in the first instance.

relief are barred by sovereign immunity under <u>Lathrop</u>, <u>Olvera</u>, and <u>Sustainable Coast</u>, supra, the trial court should have dismissed those claims. We therefore vacate that portion of the trial court's order and remand for further proceedings consistent with this opinion.[5]

2. As we have noted before, however, "sovereign immunity is no bar to petitions for writs of mandamus. [Cit.]" <u>Lathrop</u>, supra, 301 Ga. at 434 (III) (C). We therefore consider whether the trial court erred in granting summary judgment on the merits with respect to the Association's mandamus claims.

"Mandamus is a remedy for improper government inaction — the failure of a public official to perform a clear legal duty. The writ of mandamus is properly issued only if (1) no other adequate legal remedy is available to effectuate the relief sought; and (2) the applicant has a clear legal right to such relief." (Citations and punctuation omitted.) <u>Bibb County v. Monroe County</u>, 294 Ga. 730, 734 (2) (755 SE2d 760) (2014). Pretermitting the existence of the

---

[5] The Sheriffs were not sued individually, but "in their official capacities as Sheriff of their respective counties." Our previous decisions have made clear the distinction between an action for injunctive or declaratory relief against public officials in their official capacities, which is barred by sovereign immunity, and cases "in which state officers in their individual capacities were alleged to have acted without legal authority, even if they acted under color of their offices. [Cit.]" <u>Lathrop</u>, supra, 301 Ga. at 414-415 (II) (A).

first requirement, the trial court correctly found that the Association has failed

to show a "clear legal right" to mandamus relief. With respect to this second

requirement,

> [a] clear legal right to the relief sought may be found only where the claimant seeks to compel the performance of a public duty that an official or agency is required by law to perform. [F]or mandamus to issue, the law must not only authorize the act to be done, but must require its performance. Where performance is required by law, a clear legal right to relief will exist either where the official or agency fails entirely to act or where, in taking such required action, the official or agency commits a gross abuse of discretion. The determination of whether official action is required depends on the law governing the subject matter in question. Thus, where the applicable law vests the official or agency with discretion with regard to whether action is required in a particular circumstance, mandamus will not lie, because there is no clear legal right to the performance of such an act.

(Citations and punctuation omitted.) Id. at 735 (2) (b). Moreover, when the law

requires an official to exercise discretion, mandamus will lie to compel that

discretion be exercised, but not to dictate the result:

> Where the act required by law to be done involves the exercise of some degree of official discretion and judgment upon the part of the officer charged with its performance, the writ of mandamus may properly command him to act, or, as is otherwise expressed, may set him in motion; it will not further control or interfere with his action, nor will it direct him to act in any specific manner.

(Citations and punctuation omitted.) Id. at 736 (2) (b). In Bibb County, we held

7

that, while mandamus would lie to compel the Secretary of State to comply with his statutory obligation to determine the true boundary line between two counties, it would not lie to dictate a particular location for that line. Id. at 738 (2) (b).

Here, the Association asserts that the Sheriffs have "a clear legal duty" to permit the Association's members to serve process once they have met the statewide qualifications under OCGA § 9-11-4.1 (b). It contends that the trial court erred in holding that the Code section gives the Sheriffs "absolute discretion to permit or deny" certified process servers in their counties, as that "renders the Statute meaningless," and that mandamus will lie "to require the Sheriffs to adhere to their clear statutory duty to review the Notices of Intent and allow qualified Certified Servers to serve process in their counties where the requirements for such service are met." We disagree.

> When we consider the meaning of a statute, we must presume that the General Assembly meant what it said and said what it meant. To that end, we must afford the statutory text its plain and ordinary meaning, we must view the statutory text in the context in which it appears, and we must read the statutory text in its most natural and reasonable way, as an ordinary speaker of the English language would.

(Citations and punctuation omitted.) Deal v. Coleman, 294 Ga. 170, 172-173 (1)

8

(a) (751 SE2d 337) (2013). Here, a plain reading of the statute shows that each Sheriff is authorized to decide, as a threshold matter, whether to "allow[ ] certified process servers to serve process in his or her county." OCGA § 9-11-4.1 (h) (1); see also OCGA § 9-11-4.1 (a). As the trial court correctly noted, that is a separate issue from the Sheriff's duty to process applications for certification under OCGA § 9-11-4.1 (b). The Code section therefore is not "meaningless," as process servers may be certified under OCGA § 9-11-4.1 (b), and may serve process in those counties which approve their employment.[6]

Under these circumstances, the Association has failed to show that the Sheriffs violated any "clear legal duty" by exercising their statutorily-granted discretion to determine, as a threshold matter, whether certified process servers may act in their respective counties. The trial court therefore did not err in granting summary judgment to the Sheriffs on the Association's petition for mandamus.[7]

---

[6] The trial court found that two Georgia sheriffs allowed certified process servers at the time it entered its order, and two others either have permitted it in the past or expressed an intention to do so.

[7] We do not reach the question of whether, under some factual showing, a particular sheriff's decision not to "allow[ ] certified process servers to act in his or her county" could be challenged as wilful, malicious, or a gross abuse of discretion. No such focused challenge has been raised here.

3. Because the Association did not prevail on its claims, the trial court correctly concluded that it was not entitled to attorney fees under OCGA § 13-6-11. O'Connor v. Fulton County, 302 Ga. 70, 74 (3) (805 SE2d 56) (2017).

Judgment affirmed in part and vacated in part, and case remanded with direction. All the Justices concur.

Decided October 16, 2017.

Mandamus. Fulton Superior Court. Before Judge McBurney.

Parks, Chesin & Walbert, Allan L. Parks, Jr., Michael T. Foust, for appellants.

Steven E. Rosenberg, Ashley J. Palmer; Carothers & Mitchell, Richard A. Carothers, Rebecca J. Schmidt; Deborah L. Dance, Lauren S. Bruce; O'Quinn & Cronin, Donald A. Cronin, Jr.; Jarrard & Davis, Kenneth E. Jarrard, Kenneth P. Robin; Freeman, Mathis & Gary, Jack R. Hancock, A. Ali Sabzevari; Nikisha L. McDonald, for appellees.