**FIFTH DIVISION**
**MCFADDEN, P. J.,**
**GOBEIL and LAND, JJ.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.us/rules**

**March 15, 2023**

# In the Court of Appeals of Georgia

A22A1469. BRAY et al. v. WATKINS.

LAND, Judge.

This appeal challenges the grant of summary judgment to a sheriff's lieutenant who was sued in her official and individual capacities for damages allegedly caused by her failure to activate a tornado warning system while working in a county emergency center. Because the trial court was correct in its ruling that the lieutenant was entitled to summary judgment under the public duty doctrine, we affirm.

"Summary judgment is proper if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." (Citation and punctuation omitted.) *Cowart v. Widener*, 287 Ga. 622, 623 (1) (a) (697SE2d 779) (2010). "We review the grant of a

motion for summary judgment de novo, viewing the evidence, and all reasonable inferences drawn therefrom, in the light most favorable to the nonmovant." (Citation and punctuation omitted.) *Lowe v. Etheridge*, 361 Ga. App. 182 (862 SE2d 158) (2021).

So viewed, the evidence shows that in the early morning hours of April 13, 2020, Bartow County Sheriff's Lieutenant Stormie Watkins was the supervisor on duty in the county's emergency 911 operations center. One of her duties as the supervisor was to activate the county's tornado warning system upon receipt of a tornado warning from "the weather service." At approximately 1:02 a. m., the National Weather Service issued a tornado storm warning for Bartow County, but Watkins did not activate the tornado warning system or direct any other officers to activate the sirens. Several minutes later, a tornado caused a tree to fall on a bedroom of a rental house occupied by Latoya Bray, William McConnell, and their minor daughter W. G. M. Tragically, the fallen tree killed McConnell and injured Bray and W. G. M.

As guardian of W. G. M., administratrix of McConnell's estate, and in her individual capacity, Bray sued Watkins in both her official and individual capacities for damages. The complaint alleged that Watkins had failed to perform the ministerial

duty of activating the tornado warning system, and that as a result of such failure, Bray, McConnell, and W. G. M. were not given the opportunity to take shelter in the interior part of the house.

Watkins answered the complaint and later moved for summary judgment.[1] After a hearing, the trial court granted the motion as to all the plaintiffs' claims, finding that Watkins owed no actionable duty to the plaintiffs under the public duty doctrine, that she was entitled to official immunity, that there was no evidence of proximate cause, and that she was protected by the emergency activities immunity set forth in OCGA § 38-3-35 (b). Bray, in her various plaintiffs' capacities, appeals from the trial court's summary judgment order.

1. Bray contends that the trial court erred by concluding that her claims were barred by the public duty doctrine because the duty does not extend to 911 operators or to discretionary actions of law enforcement officers. We disagree.

Georgia law provides that "[t]he threshold issue in any cause of action for negligence is whether, and to what extent, the defendant owes the plaintiff a duty of care." (Citation and footnote omitted.) *City of Rome v. Jordan*, 263 Ga. 26, 27 (1)

---

[1] Watkins' answer asserted various defenses, including sovereign and official immunity. However, while her motion for summary judgment raised, inter alia, official immunity as a defense, it did not raise the issue of sovereign immunity.

(426 SE2d 861) (1993). The public duty doctrine, as adopted by the Georgia Supreme Court, "pertains to whether a local government owes a duty of care under tort law to an individual plaintiff[.]" *Gregory v. Clive*, 282 Ga. 476, 477 (651 SE2d 709) (2007). The doctrine provides that "liability does not attach where the duty owed by the governmental unit runs to the public in general and not to any particular member of the public, except where there is a special relationship between the governmental unit and the individual giving rise to a particular duty owed to that individual." (Punctuation and footnote omitted.) *Butler v. Carlisle*, 299 Ga. App. 815, 824 (4) (683 SE2d 882) (2009), disapproved in part on other grounds in *Mercer Univ. v. Stofer*, 306 Ga. 191, 201 (4) n. 10 (830 SE2d 169) (2019).

Our Supreme Court has held that the public duty doctrine "does not apply outside the police protection context." (Citation and punctuation omitted.) *Gregory*, 282 Ga. at 477. But the Court has further explained that application of the doctrine is not limited "to [police] protection from the acts of third parties." *Rowe v. Coffey*, 270 Ga. 715, 716 (515 SE2d 375) (1999). In *Rowe,* two justices joined the plurality opinion, two joined a concurring opinion, and three dissented. The plurality and concurring opinions (representing a majority of that Court) both concluded that the scope of the doctrine is broad enough to encompass the conduct at issue here. Indeed,

4

"the Court [has] broadened the application of the doctrine to 'other protective police services,' including 'hazardous conditions caused by nature'[.]" *Daley v. Clark*, 282 Ga. App. 235, 236 (1) (638 SE2d 376) (2006). See *Rowe*, supra (holding that officer who failed to barricade road flooded by torrential rainstorm was entitled to summary judgment based on public duty doctrine).

Bray argues that the public duty doctrine does not apply in this case involving hazardous conditions caused by nature because it only applies to an officer's discretionary actions. But Bray has pointed to no authority holding that application of the doctrine is so limited, and we are aware of none. As explained above, the doctrine pertains to whether or not an officer owes a duty of care under tort law to an individual plaintiff, as opposed to the public at large, and does not turn on whether or not the duty is discretionary. See *Gregory*, 282 Ga. at 477.

Bray also argues that, because the statutes providing immunity from liability for emergency management and 911 officers have exceptions for circumstances such as willful misconduct or bad faith, see OCGA § 38-3-35 (b) & OCGA § 46-5-131 (a), it follows that such officers can be held liable when those circumstances apply. But in adopting the public duty doctrine, our Supreme Court held that even an express statutory "abrogation or waiver of sovereign immunity in Georgia did not create a

5

duty on the part of a [local government] where none existed before."[2] *City of Rome*, 263 Ga. at 28 (1).

Even assuming that Watkins had a police protection duty to warn the public about the tornado by activating the weather alert sirens, that duty was owed to the public in general and not to the plaintiffs individually. The trial court therefore correctly ruled that the public duty doctrine applies in this case and that Watkins was entitled to summary judgment on all claims on that basis. See *Rowe*, 270 Ga. at 716.

While the dissent agrees that the public duty doctrine applies to this case, it nonetheless would remand this case to the trial court for a ruling on the applicability of another potential bar to Bray's claims asserted against Watkins in her official capacity, i.e., sovereign immunity. According to the dissent, this result is demanded by Supreme Court precedent that requires trial judges to address sovereign immunity before any other issue, even where sovereign immunity was not raised in connection with the motion giving rise to the appeal, has not been raised on appeal, and has been

---

[2] As Bray acknowledges, our Supreme Court adopted the public duty doctrine in 1993, *after* OCGA §§ 38-3-35 (b) & OCGA § 46-5-131 (a) were first enacted. See *City of Rome*, 263 Ga. at 28 (1); Laws 1951, p. 224, § 17; Laws 1984, p. 652, § 1. Even if we were persuaded that our Supreme Court's decisions adopting that doctrine were inconsistent with those statutes, those decisions would be binding on us. See Ga. Const. of 1983, Art. VI, Sec. 6, Par. VI.

mooted by our unanimous holding that the public duty doctrine applies to this case. We disagree.

First, neither party raised the issue of sovereign immunity in connection with the motion giving rise to this appeal, and neither of them has raised this issue on appeal. There is no good reason for us to raise it for them or for us to remand this issue to the trial court given our holding that Watkins never owed a duty to the plaintiffs or their decedent from which liability could arise.

Second, and perhaps more fundamentally, all three judges of this panel have now ruled in this case that Watkins (at least in her individual capacity) owed no duty to the plaintiffs or their decedent because of the applicability of the public duty doctrine. Since the public duty doctrine bars Bray's claims against Watkins in her individual capacity, it likewise bars her claims against Watkins in her official capacity. The doctrine applies with equal force to both capacities. *Ratliff v. McDonald*, 326 Ga. App. 306, 310 (1) (756 SE2d 569) (2014) (public duty doctrine restricts liability of governmental entities even where sovereign immunity has been waived or is otherwise inapplicable). See also *Gregory*, 282 Ga. at 477 (public duty doctrine "pertains to whether a local government owes a duty of care under tort law to an individual plaintiff"). Since Bray's official capacity claims are barred by the

7

same defense that bars her individual capacity claims, the issue of sovereign immunity is moot, and a remand would serve no purpose. OCGA § 5-6-48 (b) (3); *State v. Brown*, 315 Ga. App. 544, 553 (3) (726 SE2d 500) (2012) ("We will not remand for unnecessary, additional proceedings when the outcome is already certain[.]")

It is true that Georgia law provides that "[i]ssues of sovereign and official immunity are *generally* threshold issues to be decided before addressing the merits of a plaintiff's claims." (Citation omitted; emphasis supplied.) *Ratliff*, 326 Ga. App. at 308 (1). However, the word "generally" suggests exceptions, and the unique facts of this case (a finding by us that the public duty doctrine negates the existence of any duty owed to the plaintiffs or their decedent) present one of those exceptions. Our Supreme Court's seminal case adopting the public duty doctrine supports this result. In that case, the Supreme Court held that "[t]he threshold issue in any cause of action for negligence is whether, and to what extent, the defendant owes the plaintiff a duty of care" and this "initial question of duty precedes any discussion of sovereign immunity. . . ." (Citation and punctuation omitted.) *City of Rome*, 263 Ga. at 27 (1). Our Court has applied this same principle in the context of both sovereign and official immunity. See *Partain v. Oconee Cnty.*, 293 Ga. App. 320, 323 (2) (667 SE2d 132)

8

(2008) ("In light of our holding in Division 1 [that the public duty doctrine applies], we need not reach the question of whether the doctrines of sovereign and official immunity also relieve Defendants of liability."); *Holcomb v. Walden*, 270 Ga. App. 730, 732 (607 SE2d 893) (2004) (physical precedent only) ("[b]ecause this case is controlled by the 'public duty doctrine,' we do not reach the issues of sovereign or official immunity.")

The dissent's reliance on decisions from our Supreme Court that have nothing to do with the public duty doctrine or that doctrine's interplay with sovereign or official immunity is misplaced. Those decisions are readily distinguishable for the simple reason that they do not involve or even discuss the public duty doctrine. Given this distinction, we should not hold that the well-accepted precedent supporting this opinion has been "silently overruled." We should instead leave the question of overruling that precedent where it belongs – with the Supreme Court should it decide to address the issue. Until such time, we should respect *all* of the precedent of the Supreme Court and our Court and seek to reconcile it in a manner that does not ascribe to the Supreme Court an intent to "silently overrule" any of its prior decisions. This can easily be accomplished by holding that where the public duty doctrine is involved, the existence of a duty is a threshold issue and resolution of that issue in

9

favor of the defense moots the issues of sovereign and official immunity. This is particularly true in a case like this one where we have, of necessity, already resolved the dispositive issue of duty in favor of the defense and where neither party has raised the issue of sovereign immunity on appeal or in connection with the motion giving rise to the appeal.

For the reasons stated above, the trial court's summary judgment in favor of the defendant (in both her official and individual capacities) is affirmed.

2. Because Watkins is entitled to summary judgment on the underlying claims brought against her, the trial court correctly granted summary judgment as to any claims for punitive damages and attorney fees that were merely derivative of those underlying claims. See *ABH Corp. v. Montgomery*, 356 Ga. App. 703, 706 (849 SE2d 30) (2020) ("The derivative claims of attorney fees and punitive damages will not lie in the absence of a finding of compensatory damages on an underlying claim.") (citation and punctuation omitted).

3. Given our holdings above, we need not reach Bray's remaining enumerations of error.

*Judgment affirmed. Gobeil, J., concurs fully to Division 2 and Division 3, and specially to Division 1. McFadden, P.J., concurs in part and dissents in part.*

10

A22A1469. BRAY et al. v. WATKINS.

GOBEIL, Judge, concurring specially to Division 1 and fully to Divisions 2 and 3.

Although I agree with the majority's conclusion that remand is unnecessary in this case, I write separately because I do not fully agree with the Division 1 analysis, and to clarify my position that the trial court should have addressed sovereign immunity before analyzing the merits of the case.

Sovereign immunity is a threshold issue that should be decided before addressing the merits of a plaintiff's claims. *McConnell v. Dept. of Labor*, 302 Ga. 18, 18-19 (805 SE2d 79) (2017). But, a trial court's failure to address the applicability of sovereign immunity does not necessitate remand in every instance. See, e.g., *Ga. Assn. of Professional Process Servers v. Jackson*, 302 Ga. 309, 312-313 (2) (806 SE2d 550) (2017) (although trial court did not rule on sovereign immunity question, because sovereign immunity did not bar petition for writ of mandamus, appellate

court could consider whether trial court erred in granting summary judgment on the merits with respect to mandamus claim).

The Supreme Court of Georgia's decision in *Love v. Fulton County Bd. of Tax Assessors*, 311 Ga. 682 (859 SE2d 33) (2021), is persuasive. In *Love*, several Fulton County taxpayers sued the Fulton County Board of Tax Assessors (the "Board"), as well as the Board members and the Chief Appraiser in their official and individual capacities. The trial court dismissed the taxpayers' complaint in its entirety for failure to state a claim upon which relief could be granted. In affirming the trial court's judgment, our Supreme Court remarked that the trial court did not address whether sovereign immunity barred any of the taxpayers' claims. Id. at 690 (1) n. 5. The Court then noted that although

> the trial court should have addressed whether the doctrine of sovereign immunity barred the [taxpayers'] claim for declaratory relief challenging OCGA § 10-9-10 [that] was brought against the Board as well as against the Chief Appraiser and the Board members in their official capacities . . . , because the [taxpayers] also sought prospective declaratory relief against the Board members and the Chief Appraiser in their individual capacities, the claim would have survived the sovereign immunity analysis as to those defendants in their individual capacities, see, e.g., *Lathrop v. Deal*, 301 Ga. 408, 443-444 (III) (C) (801 SE2d 867) (2017), and *the trial court was authorized to address the merits of those claims*.

2

Id. (emphasis supplied). In other words, despite the existence of both individual and official capacity claims, the Supreme Court did not vacate and remand the trial court's judgment for a threshold determination on the sovereign immunity question in the first instance. Instead, the Supreme Court analyzed the court's substantive ruling on the declaratory judgment claim, and affirmed the trial court's dismissal of the petition in its entirety for failure to state a claim upon which relief may be granted. Id. at 696-697 (3) (d).

Similarly, in the case sub judice, Bray sued Watkins in both her official and individual capacities. Although the trial court should have addressed whether sovereign immunity barred Bray's claim for negligence against Watkins in her official capacity, because Bray also pursued that claim against Watkins in her individual capacity, "the claim would have survived the sovereign immunity analysis . . . and the trial court was authorized to address the merits of [that] claim[ ]." *Love*, 311 Ga. at 690 (1) n. 5. And, as the majority correctly holds in Division 1, the public duty doctrine applies in this case such that Watkins did not owe a duty of care to Bray, and Bray's claims premised on a breach of duty must fail.

Accordingly, I agree with the majority that remand is unnecessary and I would affirm the judgment of the trial court. See generally *State v. Brown*, 315 Ga. App.

3

544, 553 (3) (726 SE2d 500) (2012) ("We will not remand for unnecessary, additional proceedings when the outcome is already certain[.]").

A22A1469. BRAY et al. v. WATKINS.

McFADDEN, Presiding Judge, concurring in part and dissenting in part.

"It is incumbent upon this Court, even when not raised by the parties, to inquire into its own jurisdiction." *Metro Atlanta Task Force for the Homeless v. Ichthus Cmty. Trust*, 298 Ga. 221, 223 (1) (780 SE2d 311) (2015) (citation and punctuation omitted).

As to the claims against Watkins in her personal capacity, I agree that the trial court had jurisdiction to enter summary judgment, that we have jurisdiction to affirm, and that the summary judgment entered against the plaintiff is due to be affirmed under the public duty doctrine.

But unless sovereign immunity has been waived, it bars the claims against her in her official capacity. *Ramos v. Owens*, 366 Ga. App. 216, 217-218 (881 SE2d 464) (2022). Waiver of sovereign immunity is a prerequisite to jurisdiction. *City of Albany*

*v. Stanford*, 347 Ga. App. 95, 97 (1) (815 SE2d 322) (2018). The trial court did not address sovereign immunity.

So I concur in part and dissent in part. I would vacate the portion of the trial court's judgment addressing official-capacity liability and would remand the case with direction that the court rule upon the issue of sovereign immunity in the first instance.

The trial court should not have reached, and we cannot review, the merits of the claims brought against Watkins in her official capacity without first resolving the threshold jurisdictional issue of sovereign immunity. "A lawsuit against a county official in her official capacity is considered a suit against the county, and the official is entitled to assert any defense or immunity that the county could assert, including sovereign immunity." *Marshall v. McIntosh County*, 327 Ga. App. 416, 419 (2) (759 SE2d 269) (2014) (citation and punctuation omitted). Accord *Layer v. Barrow County*, 297 Ga. 871 (1) (778 SE2d 156) (2015). "As provided in Georgia's constitution, sovereign immunity extends to the counties, and a county's sovereign immunity can only be waived by an Act of the General Assembly which specifically provides that sovereign immunity is thereby waived and the extent of such waiver."

2

*McCobb v. Clayton County*, 309 Ga. App. 217 (1) (a) (710 SE2d 207) (2011)

(citation, punctuation, and footnote omitted).

"Whether a county has waived sovereign immunity is a threshold issue and not a mere defense to liability. A waiver of sovereign immunity must be established by the party seeking to benefit from that waiver, and when a litigant fails to bear this burden, the trial court must dismiss the complaint . . . for lack of subject-matter jurisdiction." *Ramos*, supra (citations and punctuation omitted). Sovereign immunity does not address the merits of the case, but concerns the trial court's subject matter jurisdiction to try the case. *City of Albany*, supra. As our Supreme Court has explained,

> sovereign immunity[,] like various other rules of jurisdiction and justiciability[,] is concerned with the extent to which a case properly may come before a court at all. Therefore, the applicability of sovereign immunity is a threshold determination, and, if it does apply, a court lacks jurisdiction over the case and, concomitantly, lacks authority to decide the merits of a claim that is barred.

*McConnell v. Dept. of Labor*, 302 Ga. 18, 18-19 (805 SE2d 79) (2017) (citation, punctuation, and footnote omitted). Accord *Polo Golf & Country Club Homeowners Assn. v. Cunard*, 306 Ga. 788, 790 (1) (a) (833 SE2d 505) (2019) ("Sovereign immunity is a threshold determination that must be ruled upon *prior* to the case

3

moving forward on the more substantive matters.") (emphasis in original); *New Cingular Wireless PCS v. Ga. Dept. of Revenue*, 303 Ga. 468, 470 (1) n. 3 (813 SE2d 388) (2018) (threshold jurisdictional issue of sovereign immunity may not be pretermitted in order to consider the merits of a case).

In this case, Watkins raised the defense of sovereign immunity in her answer, but not in her motion for summary judgment, which "may explain why the trial court failed to address this defense in [its order] granting summary judgment to [Watkins]." *Ga. Assn. of Professional Process Servers v. Jackson*, 302 Ga. 309, 311 (1) n. 4 (806 SE2d 550) (2017). Nevertheless, the trial court should not have pretermitted this threshold jurisdictional issue and instead "should have addressed whether the doctrine of sovereign immunity barred the claim[s] . . . brought against . . . [Watkins] in [her] official capacit[y]." *Love v. Fulton County Bd. of Tax Assessors*, 311 Ga. 682, 690 (1) n. 5 (859 SE2d 33) (2021). "Accordingly, the trial court erred when it did not make a ruling on whether sovereign immunity applied *before* it considered more substantive matters." *Polo Golf & Country Club Homeowners Assn.*, supra at 791 (1) (a) (emphasis in original).

The approach taken by the majority — pretermitting the threshold subject matter jurisdictional issue of sovereign immunity, jumping to the substantive

4

negligence issue of duty, and disposing of the entire case based on the public duty doctrine without first resolving the issue of sovereign immunity — is precisely what our Supreme Court has directed that we cannot do. As set forth above, the Supreme Court has repeatedly explained in recent opinions that sovereign immunity is a threshold jurisdictional issue that may not be pretermitted and that must be ruled upon before reaching the substantive issues of a case. See *Love*, supra; *Polo Golf & Country Club Homeowners Assn.*, supra; *Cingular Wireless PCS*, supra; *McConnell*, supra.

Instead of following these clear recent holdings from the Supreme Court, the majority relies on old Court of Appeals opinions that pre-date this recent Supreme Court authority and on an older Supreme Court case which stated that the "question of duty [in a negligence case] precedes any discussion of sovereign immunity." *City of Rome v. Jordan*, 263 Ga. 26, 27 (1) n. 1 (426 SE2d 861) (1993).

It is true that in *City of Rome* our Supreme Court wrote, in regard to the public duty doctrine that, "[t]he threshold issue in any cause of action for negligence is whether, and to what extent, the defendant owes the plaintiff a duty of care." Id. at 27 (1). But not all thresholds are jurisdictional. Duty is an element of the tort of negligence. *Rasnick v. Krishna Hosp.*, 289 Ga. 565, 566 (713 SE2d 835) (2011). It

5

is a threshold issue in negligence cases only in the sense that it logically precedes other elements — not in the sense of a jurisdictional prerequisite.

Regardless, an older Supreme Court opinion that is now in discord with more recent Supreme Court authority "has been implicitly overruled by [those] subsequent cases . . . [and courts are] not bound by that [older] outlier holding." *Caldwell v. State*, 313 Ga. 640, 644 (1) n. 7 (872 SE2d 712) (2022). Accord *Daly v. Berryhill*, 308 Ga. 831, 835 n. 4 (843 SE2d 870) (2020) (where two Supreme Court cases are not reconcilable, the more recently decided case controls); *White v. State*, 305 Ga. 111, 122 (3) n.10 (823 SE2d 794) (2019) (when discord exists between older and newer Supreme Court cases, the more recent decision controls and tacitly overrules prior inconsistent holding).

And obviously, opinions from this court that are in conflict with recent Supreme Court authority are not controlling and instead we are bound by the Supreme Court precedent on the issue. See Ga. Const. of 1983, Art. VI, Sec. 6, Par. VI.

I also disagree with the special concurrence's reliance on footnote 5 in *Love*, supra, to find that we can pretermit sovereign immunity and resolve the merits of the claims brought against Watkins in her official capacity. That footnote simply provides that although a trial court erred in failing address sovereign immunity as to claims

6

brought against defendants in their *official* capacities, the trial court was authorized to address the merits of claims brought against them in their *individual* capacities. Id. at 690 (1) n. 5. This is true, of course, because sovereign immunity applies only toofficial capacity claims, not to individual capacity claims.

*Love* does not create an exception to the Supreme Court's clear directive that sovereign immunity is a jurisdictional prerequisite to consideration of the merits of official-capacity claims. To the extent the special concurrence reads *Love* to create such an exception, I disagree.

So the reliance of the majority on outdated cases from this court and the Supreme Court to pretermit the issue of sovereign immunity is misplaced. Instead, under the controlling recent Supreme Court authority, the threshold jurisdictional issue of sovereign immunity must be ruled upon before reaching the merits. The issue, however, has not been briefed and we cannot resolve it based on the record before us. We therefore must vacate the judgment as to the claims brought against Watkins in her official capacity "and remand this case for [the trial court's] consideration of the applicability of sovereign immunity [as to those claims]." *State Rd. & Tollway Auth. v. Bodamer*, 350 Ga. App. 486, 489 (1) (b) (829 SE2d 658) (2019). See also *Clayton County v. City of College Park*, 301 Ga. 653, 657 (3) (803

7

SE2d 63) (2017) (vacating judgment and remanding for trial court to consider applicability of sovereign immunity in the first instance).