NOTICE: This opinion is subject to modification resulting from motions for reconsideration under Supreme Court Rule 27, the Court's reconsideration, and editorial revisions by the Reporter of Decisions. The version of the opinion published in the Advance Sheets for the Georgia Reports, designated as the "Final Copy," will replace any prior version on the Court's website and docket. A bound volume of the Georgia Reports will contain the final and official text of the opinion.

In the Supreme Court of Georgia

Decided: November 7, 2023

S23C0836, S23G0836. BRAY et al. v. WATKINS.

PER CURIAM.

Latoya Bray filed an action against sheriff's lieutenant Stormie Watkins, in her official and individual capacities, for damages allegedly caused by her failure to activate a tornado warning system while working in a county emergency center. The trial court granted summary judgment to Watkins, concluding in part that the public duty doctrine negated any duty owed to Bray. In a split decision, the Court of Appeals affirmed. See *Bray v. Watkins*, 367 Ga. App. 381 (885 SE2d 802) (2023). The majority opinion, the specially concurring opinion, and the dissenting opinion disagreed about whether the trial court erred by not considering whether sovereign immunity barred the official-capacity claim and whether the official-capacity claim needed to be remanded for the trial court to resolve

the sovereign immunity issue in the first instance. In her petition for certiorari in this Court, Bray contends (1) the Court of Appeals erred by concluding that the public duty doctrine foreclosed her lawsuit and (2) the court's discussion concerning sovereign immunity was "misplaced." For the reasons explained below, we grant Bray's writ of certiorari, vacate the Court of Appeals's opinion, and remand the case to the Court of Appeals.[1]

In the *City of Rome v. Jordan*, 263 Ga. 26 (426 SE2d 861) (1993), we adopted the public duty doctrine, recognizing that "where failure to provide police protection is alleged, there can be no liability based on a municipality's duty to protect the general public," and stated that "[t]he threshold issue in any cause of action for negligence is whether, and to what extent, the defendant owes the plaintiff a duty of care." Id. at 27-28 (1). In a footnote, we noted that "[t]he initial question of duty precedes any discussion of

---

[1] "Our rules contemplate that we may grant a petition for certiorari and dispose of the case summarily, without full briefing and oral argument," and we elect to do so here "because the issue we resolve would not benefit from further briefing and argument." *Sanchious v. State*, 309 Ga. 580, 581 n.1 (847 SE2d 166) (2020) (citation and punctuation omitted).

sovereign immunity, which is a defense rather than an inroad on one of the elements of a tort." Id. at 27 (1) n.1 (citation and punctuation omitted). The Court of Appeals's majority opinion relied on this footnote for its holding that "where the public duty doctrine is involved, the existence of a duty is a threshold issue and resolution of that issue in favor of the defense moots the issues of sovereign and official immunity." *Bray*, 367 Ga. App. at 385 (2). Regardless of whether the footnote in *City of Rome* was a holding that jurisdictional matters need not be addressed before the question of duty, any such holding was overruled by our later decisional law. See *McConnell v. Dept. of Labor*, 302 Ga. 18, 18-19 (805 SE2d 79) (2017) (holding that "[t]he applicability of sovereign immunity to claims brought against the State is a jurisdictional issue" and "[t]herefore, the applicability of sovereign immunity is a threshold determination, and, if it does apply, a court lacks jurisdiction over the case and, concomitantly, lacks authority to decide the merits of a claim that is barred"). See also *Georgia Ass'n of Pro. Process Servers v. Jackson*, 302 Ga. 309, 311-312 (1) (806 SE2d 550) (2017)

3

(vacating on direct appeal the portion of the trial court's order which dismissed the plaintiff's claims on their merits and remanding with direction that these claims be dismissed because they were barred by sovereign immunity); *New Cingular Wireless PCS, LLC v. Georgia Dept. of Revenue*, 303 Ga. 468, 470 (1) n.3 (813 SE2d 388) (2018) (noting that "the [underlying] Court of Appeals opinion should not be read for the proposition that the issue of sovereign immunity may be pretermitted in order to consider the merits" and reiterating that "the applicability of sovereign immunity is a threshold determination" (citation and punctuation omitted)); *Polo Golf & Country Club Homeowners Ass'n, Inc. v. Cunard*, 306 Ga. 788, 790 (1) (a) (833 SE2d 505) (2019) ("Sovereign immunity is a threshold determination that must be ruled upon *prior* to the case moving forward on the more substantive matters." (emphasis in original)).

The special concurring opinion rightfully concluded that "[s]overeign immunity is a threshold issue that should be decided before addressing the merits of a plaintiff's claims," *Bray*, 367 Ga.

App. at 386 (Gobeil, J., concurring specially), but then relied on a footnote in *Love v. Fulton County Bd. of Tax Assessors*, 311 Ga. 682, 690 (859 SE2d 33) (2021)[2] to conclude that remand to the trial court to address sovereign immunity was unnecessary. See *Bray*, 367 Ga. App. at 387 (Gobeil, J., concurring specially). We disapprove of the footnote in *Love* to the extent it suggested that the trial court was authorized to address the merits of claims that could have been barred by sovereign immunity, without first conducting a threshold jurisdictional review of such claims.

Because the applicability of the public duty doctrine is a merits question, the Court of Appeals erred in affirming the trial court's

---

[2] In this footnote, we noted that "the trial court should have addressed whether the doctrine of sovereign immunity barred" certain claims for declaratory relief against government employees in their official capacities. *Love*, 311 Ga. at 690 (1) n.5. That assertion was correct. However, we then went on to affirm the trial court's dismissal of the plaintiffs' claims for failure to state a claim, concluding that "because the [plaintiffs] also sought prospective declaratory relief against the Board members and the Chief Appraiser in their individual capacities, the claim would have survived the sovereign immunity analysis as to those defendants in their individual capacities." Id. To the extent our footnote in *Love* suggested that the trial court "was authorized to address the merits of [] claims" that could have been barred by sovereign immunity, without first conducting a threshold jurisdictional review of such claims, we were incorrect. See id.

ruling on the official-capacity claims on the ground that the public duty doctrine barred all of Bray's claims without considering the threshold jurisdictional question of whether sovereign immunity barred Bray's claims against Watkins in her official capacity. This Court therefore grants the petition for writ of certiorari, vacates the Court of Appeals's opinion, and remands this case to the Court of Appeals for proceedings consistent with this opinion.

*Petition for writ of certiorari granted, judgment vacated, and case remanded with direction. All the Justices concur, except Pinson, J., not participating.*