**SECOND DIVISION**
**RICKMAN, P. J.,**
**GOBEIL and DAVIS, JJ.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.us/rules**

**September 4, 2025**

# In the Court of Appeals of Georgia

A25A1135. BRAY et al. v. WATKINS et al.

GOBEIL, Judge.

This is the third appearance of this case before this Court. See *Bray v. Watkins*, 367 Ga. App. 381 (885 SE2d 802) (2023) ("*Bray I*"), vacated by *Bray v. Watkins*, 317 Ga. 703 (895 SE2d 282) (2023) ("*Bray II*"); *Bray v. Watkins*, 370 Ga. App. 299 (896 SE2d 913) (2024) ("*Bray III*"). This matter concerns a sheriff's lieutenant who was sued in her official and individual capacities for damages allegedly caused by her failure to activate a tornado warning system while working in a county emergency center. In the instant appeal, plaintiff Latoya Bray seeks review of the trial court's order granting defendant Stormie Watkins's motion for summary judgment. As explained more fully below, we affirm.

The underlying facts were previously set forth by this Court in *Bray I* as follows:

[I]n the early morning hours of April 13, 2020, Bartow County Sheriff's Lieutenant Stormie Watkins was the supervisor on duty in the county's emergency 911 operations center. One of her duties as the supervisor was to activate the county's tornado warning system upon receipt of a tornado warning from "the weather service." At approximately 1:02 a.m., the National Weather Service issued a tornado storm warning for Bartow County, but Watkins did not activate the tornado warning system or direct any other officers to activate the sirens. Several minutes later, a tornado caused a tree to fall on a bedroom of a rental house occupied by Latoya Bray, William McConnell, and their minor daughter W. G. M. Tragically, the falling tree killed McConnell and injured Bray and W. G. M.

As guardian of W. G. M., administratrix of McConnell's estate, and in her individual capacity, Bray sued Watkins in both her official and individual capacities for damages. The complaint alleged that Watkins had failed to perform the ministerial duty of activating the tornado warning system, and that as a result of such failure, Bray, McConnell, and W. G. M. were not given the opportunity to take shelter in the interior part of the house.

Watkins answered the complaint and later moved for summary judgment. After a hearing, the trial court granted the motion as to all the

plaintiffs' claims, finding that Watkins owed no actionable duty to the plaintiffs under the public duty doctrine, that she was entitled to official immunity, that there was no evidence of proximate cause, and that she was protected by the emergency activities immunity set forth in OCGA § 38-3-35 (b).

*Bray I*, 367 Ga. App. at 381-382 (footnote omitted). After Bray[1] appealed from the trial court's grant of summary judgment to Watkins, this Court affirmed on the ground that Watkins was entitled to summary judgment under the public duty doctrine in both her individual and official capacities. Id. at 382-383 (1). In his dissent, Judge McFadden agreed that summary judgment was appropriate under the public duty doctrine as to the claims brought against Watkins in her individual capacity. Nevertheless, he concluded that the trial court erred by failing to address the threshold question of sovereign immunity, stating: "I would vacate the portion of the trial court's judgment addressing official-capacity liability and would remand the case with direction that the court rule upon the issue of sovereign immunity in the first instance." Id. at 387-388 (McFadden, P. J., dissenting).

---

[1] For clarity, all further mentions of "Bray" in this opinion refer to Bray in all of her various plaintiffs' capacities.

In *Bray II*, our Supreme Court granted Bray's petition for certiorari, vacated our opinion in *Bray I*, and remanded to this Court. *Bray II*, 317 Ga. at 703. Specifically, the Supreme Court noted that the public-duty-doctrine issue was a merits question, and held that this Court erred by failing to consider "the threshold jurisdictional question of whether sovereign immunity barred Bray's claims against Watkins in her official capacity." Id. at 705. On remand, this Court adopted the Supreme Court's opinion as its own, vacated the trial court's order, and remanded for the trial court to resolve the sovereign immunity issue in the first instance. *Bray III*, 370 Ga. App. at 299. We also explained the following:

> While we are vacating the trial court's order in its entirety, we are doing so for the procedural reason addressed above and as mandated by the Supreme Court. Nothing stated herein should be construed as any indication that we have changed our minds as to the merits of Bray's claims asserted against Watkins in her individual capacity, an issue not addressed by the Supreme Court.

Id. at 299 n. 1.

After remand, Bray filed a motion requesting that the trial court deny Watkins's motion for summary judgment. Watkins then filed a response to Bray's motion, and renewed her motion for summary judgment, adopting the reasoning set forth in her

4

original motion for summary judgment and accompanying brief. Following a hearing, the trial court granted Watkins's motion for summary judgment. The court found that sovereign immunity applied, noting that Watkins was an employee of the Bartow County Sheriff's Office, "a State Actor protected by unwaived sovereign immunity." The remainder of the trial court's order tracked the reasoning set forth in its first order granting summary judgment — including that the public duty doctrine barred the claims brought against Watkins in her individual capacity — which was the subject of *Bray I*. The instant appeal followed.

"Summary judgment is proper if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Cowart v. Widener*, 287 Ga. 622, 623 (1) (a) (697 SE2d 779) (2010) (citation and punctuation omitted). "We review the grant of a motion for summary judgment de novo, viewing the evidence, and all reasonable inferences drawn therefrom, in the light most favorable to the nonmovant." *Lowe v. Etheridge*, 361 Ga. App. 182, 182 (862 SE2d 158) (2021) (citation and punctuation omitted).

5

1. We begin with Bray's contention that the trial court erred by concluding that Watkins was "protected by unwaived sovereign immunity" because sovereign immunity applies only to the claims brought against Watkins in her official capacity.

Bray is correct that individual capacity claims against county officials are analyzed under the doctrine of official immunity. See *Gilbert v. Richardson*, 264 Ga. 744, 750 (4) (452 SE2d 476) (1994) ("While suits against public employees in their personal [or individual] capacities involve official immunity, suits against public employees in their official capacities are in reality suits against the state, and therefore involve sovereign immunity.") (citation and punctuation omitted). The trial court did not expressly state that sovereign immunity barred any claims asserted against Watkins in her official capacity only, but we can infer such a ruling from the court's subsequent discussion of official immunity, which applies only to individual capacity claims brought against public employees. Id. See also *Grammens v. Dollar*, 287 Ga. 618, 619 (697 SE2d 775) (2010) ("The doctrine of official immunity, also known as qualified immunity, offers public officers and employees limited protection from suit in their personal [or individual] capacity.") (citation and punctuation omitted); Ga. Const. of 1983, Art. I, Sec. II, Par. IX, subsection (d).

6

Turning to the Supreme Court's directive in *Bray II*, we are mindful that "sovereign immunity is the immunity provided to governmental entities and to public employees sued in their official capacities." *Ratliff v. McDonald*, 326 Ga. App. 306, 309 (1) (756 SE2d 569) (2014) (citation and punctuation omitted). "Sovereign immunity has been extended to counties, and thus protects county employees who are sued in their official capacities, unless sovereign immunity has been waived." Id. (citation and punctuation omitted). The party seeking to benefit from a waiver of sovereign immunity bears the burden of establishing such a waiver. Id. Bray does not argue on appeal, nor did she argue below, that the General Assembly has waived sovereign immunity for any official capacity claims asserted against Watkins in this case. In accordance with the Supreme Court's direction, the trial court analyzed this issue, determined that sovereign immunity applied, and we find no error in this ruling.

2. Bray argues, as she did in *Bray I*, that the trial court erred by concluding that her claims against Watkins in her individual capacity were barred by the public duty doctrine — specifically contending that the duty does not extend to 911 operators or to discretionary actions of law enforcement officers. We disagree and adopt the reasoning set forth in *Bray I*:

Georgia law provides that "[t]he threshold issue in any cause of action for negligence is whether, and to what extent, the defendant owes the plaintiff a duty of care." (Citation and footnote omitted.) *City of Rome v. Jordan*, 263 Ga. 26, 27 (1) (426 SE2d 861) (1993). The public duty doctrine, as adopted by the Georgia Supreme Court, "pertains to whether a local government owes a duty of care under tort law to an individual plaintiff[.]" *Gregory v. Clive*, 282 Ga. 476, 477 (651 SE2d 709) (2007). The doctrine provides that "liability does not attach where the duty owed by the governmental unit runs to the public in general and not to any particular member of the public, except where there is a special relationship between the governmental unit and the individual giving rise to a particular duty owed to that individual." (Punctuation and footnote omitted.) *Butler v. Carlisle*, 299 Ga. App. 815, 824 (4) (683 SE2d 882) (2009), disapproved in part on other grounds in *Mercer Univ. v. Stofer*, 306 Ga. 191, 201 (4) n. 10 (830 SE2d 169) (2019).

Our Supreme Court has held that the public duty doctrine "does not apply outside the police protection context." (Citation and punctuation omitted.) *Gregory*, 282 Ga. at 477. But the Court has further explained that application of the doctrine is not limited "to [police] protection from the acts of third parties." *Rowe v. Coffey*, 270 Ga. 715, 716 (515 SE2d 375) (1999). In *Rowe,* two justices joined the plurality opinion, two joined a concurring opinion, and three dissented. The plurality and concurring opinions (representing a majority of that Court) both concluded that the scope of the doctrine is broad enough to encompass the conduct at issue here. Indeed, "the Court [has]

broadened the application of the doctrine to 'other protective police services,' including 'hazardous conditions caused by nature'[.]" *Daley v. Clark*, 282 Ga. App. 235, 236 (1) (638 SE2d 376) (2006). See *Rowe*, supra (holding that officer who failed to barricade road flooded by torrential rainstorm was entitled to summary judgment based on public duty doctrine).

. . . As explained above, the doctrine pertains to whether or not an officer owes a duty of care under tort law to an individual plaintiff, as opposed to the public at large, and does not turn on whether or not the duty is discretionary. See *Gregory*, 282 Ga. at 477.

Bray also argues that, because the statutes providing immunity from liability for emergency management and 911 officers have exceptions for circumstances such as willful misconduct or bad faith, see OCGA § 38-3-35 (b) & OCGA § 46-5-131 (a), it follows that such officers can be held liable when those circumstances apply. But in adopting the public duty doctrine, our Supreme Court held that even an express statutory "abrogation or waiver of sovereign immunity in Georgia did not create a duty on the part of a [local government] where none existed before."[2] *City of Rome*, 263 Ga. at 28 (1).

---

[2] As Bray acknowledges, our Supreme Court adopted the public duty doctrine in 1993, *after* OCGA §§ 38-3-35 (b) & OCGA § 46-5-131 (a) were first enacted. See *City of Rome*, 263 Ga. at 28 (1); Laws 1951, p. 224, § 17; Laws 1984, p. 652, § 1. Even if we were persuaded that our Supreme Court's decisions adopting that doctrine were inconsistent with those statutes, those decisions would be binding on us. See Ga. Const. of 1983, Art. VI, Sec. 6, Par. VI.

Even assuming that Watkins had a police protection duty to warn the public about the tornado by activating the weather alert sirens, that duty was owed to the public in general and not to the plaintiffs individually. The trial court therefore correctly ruled that the public duty doctrine applies in this case and that Watkins was entitled to summary judgment on all [individual capacity] claims on that basis. See *Rowe*, 270 Ga. at 716.

*Bray I*, 367 Ga. App. at 382-383 (1).

For the reasons stated above, we affirm the trial court's grant of summary judgment in favor of Watkins on the individual capacity claims asserted against her.

3. Because Watkins was entitled to summary judgment on the underlying claims brought against her, the trial court correctly granted summary judgment as to the claims for punitive damages and attorney fees that were merely derivative of those claims. See *ABH Corp. v. Montgomery*, 356 Ga. App. 703, 706 (c) (849 SE2d 30) (2020) ("The derivative claims of attorney fees and punitive damages will not lie in the absence of a finding of compensatory damages on an underlying claim.") (citation and punctuation omitted).

4. Given our holdings above, we need not reach Bray's remaining enumerations of error.

*Judgment affirmed. Rickman, P. J., and Davis, J., concur.*