**SECOND DIVISION**
**RICKMAN, P. J.,**
**MARKLE, J., and DAVIS, J.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
https://www.gaappeals.us/rules

**February 9, 2026**

# In the Court of Appeals of Georgia

A24A0080. GUY v. THE HOUSING AUTHORITY OF THE CITY OF AUGUSTA.

RICKMAN, Presiding Judge.

This case has returned to us on remand from the Supreme Court of Georgia. See *Guy v. Housing Authority of City of Augusta*, 321 Ga. 873 (917 SE2d 613) (2025) ("Guy II"). In *Guy v. Housing Authority of City of Augusta*, 372 Ga. App. 325 (904 SE2d 375) (2024) ("Guy I"), we attempted to answer the question of whether the Housing Authority of the City of Augusta, an entity authorized by state statute but activated by the local government, was protected by the doctrine of sovereign immunity in a premises-liability action filed by the tenant of a low-income apartment complex. We ultimately held that the Housing Authority operated as an instrumentality of the City of Augusta and, relying on our own precedent, concluded

that, as such, it was entitled to sovereign immunity. Id. at 329(2). We thus affirmed the trial court's grant of summary judgment to the Housing Authority on that basis.[1] Id. at 330(2).

The Supreme Court granted certiorari to consider the question of whether the Housing Authority "is entitled to sovereign immunity." See *Guy II,* 321 Ga. at 875. Upon concluding that the answer was not found in Georgia constitutional or statutory law, the Court vacated our opinion and remanded the case for further consideration. See id. at 879. In so doing, the Court reiterated that Article I, Section II, Paragraph IX of the Georgia Constitution explicitly confers sovereign immunity "to the [S]tate and all of its departments and agencies." *Guy II,* 321 Ga. at 875. See Ga. Const. of 1983, Art. I, Sec. II, Par. IX (e). This Article I protection extends to counties, but does not extend to municipalities.[2] See *Guy II,* 321 Ga. at 875, n.5; see also *Gilbert v. Richardson*, 264 Ga. 744, 747(2) (452 SE2d 476) (1994).

---

[1] The trial court also held that the Housing Authority was entitled to sovereign immunity as a municipal corporation and an instrumentality of the State of Georgia. Those alternative rulings were not considered.

[2] The word "municipality" is synonymous with the words "city," "town," and "village" and all shall be held to mean a municipal corporation as defined by statutory law and judicial interpretation. See OCGA § 36-30-1.

Instead, municipalities enjoy immunity "akin" to that afforded the State "in their performance of acts which are legislative or judicial in nature, on the ground that such acts are deemed to be but the exercise of a part of the state's power."[3] *Guy II*, 321 Ga. at 875 (punctuation omitted). See *Gatto v. City of Statesboro*, 312 Ga. 164, 166 (1) (860 SE2d 713) (2021). Such municipal immunity has been "recognized" by the waiver provisions of Article IX, Section II, Paragraph IX of the Georgia Constitution and "reiterate[d]" in our statutory law. *Guy II*, 321 Ga. at 876; see Ga. Const. of 1983, Art. IX, Sec. II, Par. IX ("The General Assembly may waive the immunity of counties, municipalities, and school districts by law."); OCGA § 36-33-1 (a) ("[T]he General Assembly . . . declares it is the public policy of the State of Georgia that there is no waiver of the sovereign immunity of municipal corporations of the state and such municipal corporations shall be immune from liability for damages.").

As to how far the municipal immunity recognized by Article IX extends, the Court held that it remains undetermined. See *Guy II*, 321 Ga. at 876 ("[A]ll the Article IX provision does for municipalities is preserve whatever sovereign immunity existed for them at common law and make clear that the General Assembly may waive it.").

---

[3] Guy has not asserted that the Authority is liable on the basis that it was negligent in performing ministerial duties under OCGA § 36-33-1 (b).

To that end, the Court declared that the question of whether the "departments and agencies" or "instrumentalities" of a municipality are protected by sovereign immunity is "a matter of common law [that] must be answered by examining the common law of England as of May 14, 1776." *Guy II*, 321 Ga. at 878. Because that issue had not yet been briefed by the parties or analyzed by a lower court, the Supreme Court remanded the case, acknowledging that this Court may choose in its discretion to answer the question or to remand the case to the trial court to first address the issue. Id. at 879, n.6.

The parties have now briefed their respective positions regarding the conferment of immunity to a municipal authority under the common law of England as of May 14, 1776. In the interest of judicial economy, this Court is tempted to answer the question in the first instance. But in vacating our opinion, the Supreme Court also declared that "[a]nother question that may be at issue on remand is whether the fact that Augusta and Richmond County are now a consolidated government is relevant to the sovereign immunity analysis, given that our precedent makes clear that counties enjoy the sovereign immunity conferred by Article I, while cities do not." Id. at 879,

4

n.5. The supplemental briefs filed in this Court do not substantively address that issue, nor was it raised in the trial court prior to this appeal.

Sovereign immunity is a matter of the court's jurisdiction and, therefore, it is a threshold issue that must be fully resolved before reaching the merits of any case. See *Bray v. Watkins*, 317 Ga. 703, 704 (895 SE2d 282) (2023). As set forth above, the sovereign immunity analysis differs depending on whether the entity involved is an instrument of the county (Article I) or an instrument of the city (Article IX). As such, the relevance, if any, that a consolidated government has to the classification of the Housing Authority must be further explored. Consequently, and ironically, in the interest of judicial economy, we remand this case to the trial court to examine and decide these issues in the first instance.

*Judgment vacated and case remanded with direction. Markle and Davis, JJ., concur.*