**SECOND DIVISION**
**DOYLE, P. J.,**
**DAVIS, J., and SENIOR JUDGE FULLER**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.us/rules**

**May 5, 2026**

# In the Court of Appeals of Georgia

A26A0469. PRATCHER v. GEORGIA DEPARTMENT OF HUMAN SERVICES, DIVISION OF CHILD SUPPORT SERVICES et al.

DAVIS, Judge.

In this appeal, Jackie Pratcher, pro se, seeks review of the trial court's order dismissing his action against the Georgia Department of Human Services, Division of Child Support Services, and the Georgia Department of Driver Services (collectively "the Defendants"). On appeal, Pratcher argues that the trial court erred by (1) dismissing his complaint prior to the expiration of time allotted by OCGA § 50-21-26(a)(4); (2) failing to apply the constitutional waiver of the sovereign immunity doctrine to his declaratory and injunctive relief claims; and (3) dismissing the action while his motion for an extension of time to perfect service was still pending. For the

reasons that follow, we affirm the trial court's order in part, reverse it in part, vacate it in part, and remand the case for further proceedings.

The record shows that in August 2025, Pratcher filed a pro se complaint for declaratory relief, injunctive relief, and damages against the Defendants after his driver's license was suspended in May 2025 for failing to comply with his child support obligations. Pratcher alleged that the Division of Child Support Services suspended his driver's license even though department records showed that he was in compliance with his child support obligations. Pratcher did not attach an ante litem notice to his complaint. Pratcher subsequently filed a motion for extension of time to perfect service, arguing that his process server had made multiple attempts to serve the Defendants but was unsuccessful. The Defendants, by special appearance, filed a motion to dismiss Pratcher's complaint. The Defendants argued that Pratcher's complaint should be dismissed because (1) Pratcher failed to comply with the ante litem notice requirements of OCGA § 50-21-26; (2) Pratcher failed to perfect service of process; (3) Pratcher's claims were barred by OCGA § 50-21-24(1) and (5) because the Defendants merely executed administrative actions; and (4) sovereign immunity barred Pratcher's claims for declaratory and injunctive relief. In opposition to the

2

motion, Pratcher argued that he was in the process of perfecting service, he mailed the ante litem notices by certified mail as required by OCGA § 50-21-26(a), and that sovereign immunity was waived pursuant to Article I, Section II, Paragraph V(b)(1) of the Georgia Constitution. Pratcher also attached to his motion two ante litem notices and records showing that they were sent by certified mail to the Defendants.

The trial court granted the motion to dismiss, first determining that Pratcher's claims were by barred sovereign immunity. Specifically, the trial court determined (1) the Georgia Tort Claims Act ("GTCA") did not waive sovereign immunity for administrative actions or acts or omissions by state officers exercising due care in the execution of a statute under OCGA § 50-21-24(1) and (5); (2) the Supreme Court of Georgia's decisions in *Lathrop v. Deal*, 301 Ga. 408 (801 SE2d 867) (2017), and *Ga. Dep't of Nat. Res. v. Ctr. for a Sustainable Coast, Inc.*, 294 Ga. 593 (755 SE2d 184) (2014), held that the GTCA did not waive sovereign immunity for declaratory and injunctive relief claims; and (3) Pratcher's damages claim was barred by sovereign immunity under OCGA § 50-21-24(1) and (5). The court also concluded that Pratcher failed to comply with the ante litem notice requirements of OCGA § 50-21-26(a), and that allowing him to amend his complaint would be futile in light of its sovereign

immunity rulings. The court, however, did not address Pratcher's claim that sovereign immunity had been waived for his declaratory and injunctive relief claims under Article I, Section II, Paragraph V(b). This appeal followed.

1. First, Pratcher argues that the trial court failed to apply the constitutional waiver of sovereign immunity which permits declaratory and injunctive relief against state agencies. Notably, the State concedes that the trial court erred by failing to address Pratcher's argument that sovereign immunity was waived under Paragraph V of the Georgia Constitution. We also conclude that the trial court failed to conduct a proper analysis of sovereign immunity as it pertains to his declaratory and injunctive relief claims, and therefore the dismissal of those claims was improper.

"We review de novo a trial court's ruling on a motion to dismiss based on sovereign immunity grounds[.]" *Dep't of Transp. v. Thompson*, 354 Ga. App. 200, 200 (840 SE2d 679) (2020).

(a) *Damages Claim*. As a preliminary matter, we note that Pratcher does not challenge the trial court's ruling regarding the dismissal of his damages claim under OCGA § 50-21-24(1) and (5). It is well settled that "[g]rounds that are not attacked as erroneous will not be considered on appeal and are presumed to be binding and

correct." *Marques v. JP Morgan Chase Bank, N. A.*, 370 Ga. App. 305, 310(3)(b) (896 SE2d 1) (2023). Consequently, Pratcher's failure to attack the trial court's ruling regarding the application of OCGA § 50-21-24(1) and (5) to his damages claim requires us to affirm the trial court's dismissal of that claim.

(b) *Declaratory and Injunctive Relief Claims*.

> The applicability of sovereign immunity to claims brought against the State is a jurisdictional issue. Therefore, the applicability of sovereign immunity is a threshold determination, and, if it does apply, a court lacks jurisdiction over the case and, concomitantly, lacks authority to decide the merits of a claim that is barred. Any suit against the State barred by sovereign immunity is subject to dismissal pursuant to OCGA § 9-11-12 (b) (1) for lack of subject matter jurisdiction.

*Sivak v. Ga. Dep't of Nat. Res.*, 371 Ga. App. 78, 80(1) (899 SE2d 743) (2024) (citation modified); see also *Bray v. Watkins*, 317 Ga. 703, 704 (895 SE2d 282) (2023) ("[S]overeign immunity is a threshold issue that should be decided before addressing the merits of a plaintiff's claims."). Moreover, "the party seeking to establish that it has been waived bears the burden of doing so." *City of Albany v. Dougherty County*, 352 Ga. App. 664, 667(1) (835 SE2d 681) (2019). With these principles in mind, we turn to Pratcher's declaratory and injunctive relief claims.

"[S]overeign immunity is the immunity provided to governmental entities and to public employees sued in their official capacities." *Bray v. Watkins*, 376 Ga. App. 589, 592(1) (920 SE2d 379) (2025). Indeed, Article I, Section II, Paragraph IX of the Georgia Constitution of 1983 stated that "[s]overeign immunity extends to the state and all of its departments and agencies." This provision was amended in 1991 and expressly authorized the General Assembly to enact the Tort Claims Act establishing methods by which sovereign immunity may be waived. *Lathrop*, 301 Ga. at 422(II)(B). After the Supreme Court of Georgia's decision in *Lathrop*, "the people of Georgia, through the results of a ballot question posed in the general election, amended our Constitution to allow for a specific waiver of sovereign immunity." *State v. SASS Group, LLC*, 315 Ga. 893, 893 (885 SE2d 761) (2023). Article I, Section II, Paragraph V(b)(1) of the Constitution now provides:

> Sovereign immunity is hereby waived for actions in the superior court seeking declaratory relief from acts of the state or any agency, authority, branch, board, bureau, commission, department, office, or public corporation of this state or officer or employee thereof or any county, consolidated government, or municipality of this state or officer or employee thereof outside the scope of lawful authority or in violation of the laws or the Constitution of this state or the Constitution of the United States. Sovereign immunity is further waived so that a court

> awarding declaratory relief pursuant to this Paragraph may, only after awarding declaratory relief, enjoin such acts to enforce its judgment.

*SASS Group*, *LLC*, 315 Ga. at 893 (citation modified). Thus, as explained by the Supreme Court of Georgia, "[t]his new waiver allows citizens to sue the State (and, in provisions unrelated to this appeal, to sue local governments) for declaratory relief. [And] "[t]o the extent that citizens obtain a favorable ruling on their claim for declaratory relief, they may then also seek injunctive relief to enforce the court's judgment." Id.

Here, Pratcher argues, as he did below, that his declaratory and injunctive relief claims were not barred by sovereign immunity in light of Article I, Section II, Paragraph V(b)(1). Relying on the Supreme Court of Georgia's decisions in *Lathro*p and *Center for a Sustainable Coast*, the trial court dismissed Pratcher's declaratory and injunctive relief claims on the basis that sovereign immunity bars claims for declaratory and injunctive relief. The trial court, however, did not discuss or analyze whether sovereign immunity was waived pursuant to Article I, Section II, Paragraph V(b), which was enacted after the decisions relied upon by the trial court. "[A]nd as a court for the correction of errors, we cannot reach this issue because it was not ruled

7

on below." *Ga. Div., Sons of Confederate Veterans v. Downs*, 370 Ga. App. 669, 675(2) (898 SE2d 850) (2024). Accordingly, we vacate the trial court's order dismissing Pratcher's declaratory and injunctive relief claims, and we remand the case to the trial court to determine whether sovereign immunity was waived for these claims. See Id. at 675–76(2) (vacating a portion of the trial court's order granting a motion to dismiss and remanding the case to the trial court to determine whether the plaintiff's claims were barred by sovereign immunity).

2. Next, Pratcher argues that the trial court erred by dismissing his complaint prior to the expiration of the cure period in OCGA § 50-21-26(a)(4).[1] We agree that the trial court erred by dismissing the declaratory and injunctive relief claims on this basis.

---

[1] We address this claim because compliance with the ante litem notice provisions is a matter in abatement, which also affects the trial court's subject matter jurisdiction. *Farmer v. Dep't of Corr.*, 346 Ga. App. 387, 395(2) (816 SE2d 376) (2018). See also Article I, Section II, Paragraph V(b)(3) ("Unless otherwise provided herein, this Paragraph shall not affect the power or duty of a court to dismiss any action or deny relief based on any other appropriate legal or equitable ground or other limitation on judicial review, including, but not limited to, ... ante litem notice requirements[.]").

"Among the requirements to bring suit against a State agency ... a party must first provide ante litem notice." *Dep't of Transp. v. Jackson*, 373 Ga. App. 342, 344(1) (908 SE2d 345) (2024). Specifically, OCGA § 50-21-26(a)(4) states:

> No person, firm, or corporation having a tort claim against the state under this article shall bring any action against the state upon such claim without first giving notice of the claim as follows: ... Any complaint filed pursuant to this article must have a copy of the notice of claim presented to the Department of Administrative Services together with the certified mail or statutory overnight delivery receipt or receipt for other delivery attached as exhibits. *If failure to attach such exhibits to the complaint is not cured within 30 days after the state raises such issue by motion, then the complaint shall be dismissed without prejudice*[.]

(Emphasis supplied). Thus, as reflected by the plain language of the statute, plaintiffs have a 30-day window after the filing of a motion to dismiss in which to cure the failure to attach the ante litem notice to the complaint. *Camp v. Coweta County*, 280 Ga. 199, 202(2) & n.5 (625 SE2d 759) (2006). See also *Jackson*, 373 Ga. App. at 345(1) ("When we consider the meaning of a statute, we must presume that the General Assembly meant what it said and said what it meant.").

Here, the record shows that when Pratcher filed his complaint on August 8, 2025, he did not attach any ante litem notice to the complaint. After the Defendants

filed their motion to dismiss on September 18, 2025, in which they argued in part that Pratcher failed to attach the ante litem notices to his complaint, Pratcher responded to the Defendants' motion the following day on September 19, 2025, and he attached the ante litem notices to his response. Therefore, the record is clear that Pratcher timely cured the defect of his failure to attach the ante litem notice to his complaint by attaching the notices to his response to the Defendants' motion to dismiss. Accordingly, the trial court erred by dismissing Pratcher's declaratory and injunctive relief claims on this basis.

3. Pratcher further argues that the trial court erred by failing to rule on his motion for an extension of time before dismissing his complaint. In light of our conclusions in Divisions 1 and 2 above, it is unnecessary for us to address this claim of error.

In sum, we affirm the portion of the trial court's order dismissing Pratcher's claim for damages, but we reverse the portion of the order dismissing Pratcher's declaratory and injunctive relief claims under the ante litem notice statute. We also vacate the portion of the order dismissing Pratcher's declaratory and injunctive relief

claims, and we remand the case with direction for the trial court to determine in the first instance whether sovereign immunity was waived for Pratcher's declaratory and injunctive relief claims under Paragraph V of the Georgia Constitution.

*Judgment affirmed in part, reversed in part, vacated in part, and case remanded with direction. Doyle, P. J., and Senior Judge C. Andrew Fuller concur.*